## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CHARLENE ANKROM,                                )
parent and next friend of A.A., a minor         )
2514 Pomeroy Road, SE, #303                     )
Washington, D.C. 20020                          )
                                                )
and                                             )
                                                )        Civil Action No.
SIMONA BARKSDALE,                               )
parent and next friend of J.B., a minor         )
1507 Benning Road, NE, #D14                     )
Washington, D.C. 20002                          )
                                                )
and                                             )
                                                )
BEVERLY BROCK,                                  )
parent and next friend of N.B., a minor         )
4714 South Dakota Avenue, NE                    )
Washington, D.C. 20017                          )        CASE NUMBER  1:06CV00274
                                                )
and                                             :        JUDGE: Henry H. Kennedy
                                                :
NUREEAH BROWN,                                  :        DECK TYPE: Administrative Agency Rev
parent and next friend of A.B., a minor         :        DATE STAMP: 02/14/2006
4901 Alabama Avenue, SE, #4                     ;
Washington, D.C. 20019                          )
                                                )
and                                             )
                                                )
CAROLYN BULLOCK,                                )
parent and next friend of K.B., a minor         )
916 46th Street, NE                             )
Washington, D.C. 20019                          )
                                                )
and                                             )
                                                )
LUNETTE RUSSELL,                                )
parent and next friend of K.B., a minor         )
5581 Chillum Place, NE                          )
Washington, D.C. 20011                          )
                                                )

1

and                                        )
                                           )
CAREY CARTER,                              )
parent and next friend of J.C., a minor   )
400 Chesapeake Street, SE, #202           )
Washington, D.C. 20032                     )
                                           )
and                                        )
                                           )
ROBIN CHASE-EL,                           )
parent and next friend of A.C., a minor   )
7438 9th Street, NW                        )
Washington, D.C. 20012                     )
                                           )
and                                        )
                                           )
PAMELA COLEMAN-WHEELER,                    )
parent and next friend of D.C., a minor   )
5229 Cloud Place, NE                       )
Washington, D.C. 20019                     )
                                           )
and                                        )
                                           )
MARTINA CONNER,                            )
parent and next friend of M.C., a minor   )
5001 Hunt Street, NE, #31                  )
Washington, D.C. 20019                     )
                                           )
and                                        )
                                           )
KAREN CRAIG,                               )
parent and next friend of L.C., a minor   )
5424 B Street, SE                          )
Washington, D.C. 20019                     )
                                           )
and                                        )
                                           )
CASSANDRA and EDWARD DAVIS,                )
parents and next friends of C.D., a minor )
1250 Miegs Place, NE, #2                   )
Washington, D.C. 20002                     )
                                           )
and                                        )

2

PAMELA BROWN,                                      )
parent and next friend of A.D., a minor           )
1200 North Capitol Street, NW, #C114              )
Washington, D.C. 20002                            )
                                                  )
and                                               )
                                                  )
KEIKO ELLIS,                                       )
parent and next friend of M.E., a minor           )
2319 40th Place, NW, #204                          )
Washington, D.C. 20007                            )
                                                  )
and                                               )
                                                  )
DINA FENNELL,                                      )
parent and next friend of J.F., a minor           )
3812 V Street, SE, #301                            )
Washington, D.C. 20020                            )
                                                  )
and                                               )
                                                  )
QUNEITRA FENWICK,                                 )
parent and next friend of N.F., a minor           )
5186 Eastern Avenue, NE, #204                      )
Washington, D.C. 20011                            )
                                                  )
and                                               )
                                                  )
CONSTANCE FREEMAN,                                )
parent and next friend of K.F., a minor           )
100 Division Avenue, NE                            )
Washington, D.C. 20019                            )
                                                  )
and                                               )
                                                  )
MARISOL SAGASTISADO,                              )
parent and next friend of M.F., a minor           )
1228 11th Street, NW, #4                           )
Washington, D.C. 20001                            )
                                                  )
and                                               )
                                                  )

3

VALERIE JORDAN,                                      )
parent and next friend of J.G., a minor             )
2333 24th Street, SE, #1907                          )
Washington, D.C.  20020                              )
                                                     )
and                                                  )
                                                     )
ETHEL HALL,                                          )
parent and next friend of T.H., a minor             )
1730 7th Street, NW, #310                            )
Washington, D.C.  20001                              )
                                                     )
and                                                  )
                                                     )
VANESSA HAMMOND,                                     )
parent and next friend of T.H., a minor             )
318 20th Street, NE                                  )
Washington, D.C.  20002                              )
                                                     )
and                                                  )
                                                     )
PATRICIA HASSOCK,                                    )
parent and next friend of T.H., a minor             )
4910 Fort Totten Drive, NE, #22                      )
Washington, D.C.  20018                              )
                                                     )
and                                                  )
                                                     )
JERALDINE HERBIN,                                    )
parent and next friend of J.H., a minor             )
1022 Fourth Street, NE                               )
Washington, D.C.  20002                              )
                                                     )
and                                                  )
                                                     )
TRACEY HOOKER,                                       )
parent and next friend of N.H., a minor             )
669 Brandywine Street, SE                            )
Washington, D.C.  20032                              )
                                                     )
and                                                  )
                                                     )

4

MARGARET MORGAN,                                          )
parent and next friend of J.H., a minor                  )
2308 Good Hope Road, SE, #102                            )
Washington, D.C.  20020                                  )
                                                         )
and                                                      )
                                                         )
CHARLENE DICKENS,                                        )
parent and next friend of O.H., a minor                  )
718 Taylor Street, NW                                    )
Washington, D.C.  20011                                 )
                                                         )
and                                                      )
                                                         )
SHIRLEY RICHARDSON,                                      )
parent and next friend of D.J., a minor                  )
2130 H Street, NE                                        )
Washington, D.C.  20002                                 )
                                                         )
and                                                      )
                                                         )
DONETTA JACKSON,                                         )
parent and next friend of S.J., a minor                  )
3341 Du Bois Place, SE                                   )
Washington, D.C.  20019                                 )
                                                         )
and                                                      )
                                                         )
CYNTHIA MILLER,                                          )
parent and next friend of D.L., a minor                  )
2719 Terrace Road, SE, #305                             )
Washington, D.C.  20020                                 )
                                                         )
and                                                      )
                                                         )
RHONDA SMITH,                                            )
parent and next friend of R.L., a minor                  )
301 33rd Street, SE, #103                               )
Washington, D.C.  20019                                 )
                                                         )
and                                                      )
                                                         )

JERMAINE and ERICA LESANE,                    )
parents and next friends of Q.L., a minor     )
4115 7th Street, NW                            )
Washington, D.C.  20011                        )
                                               )
and                                            )
                                               )
JOEANN LEWIS,                                  )
parent and next friend of A.L., a minor        )
5355 Clay Terrace, NE                          )
Washington, D.C.  20019                        )
                                               )
and                                            )
                                               )
DIANE STOKES,                                  )
parent and next friend of D.M., a minor        )
2916 30th Street, SE, #30                      )
Washington, D.C.  20020                        )
                                               )
and                                            )
                                               )
MARTY MATTHEWS,                                )
parent and next friend of J.M., a minor        )
190 36th Street, NE, #4                        )
Washington, D.C.  20019                        )
                                               )
and                                            )
                                               )
JOSÉ and MARLENI MEJIA,                        )
parents and next friends of D.M., a minor      )
1300 Howard Street, NW                         )
Washington, D.C.   20009                       )
                                               )
and                                            )
                                               )
SHERI MITCHELL,                                )
parent and next friend of A.M., a minor        )
223 Anacostia Road, SE, #201                   )
Washington, D.C.  20019                        )
                                               )
and                                            )
                                               )

6

BARBARA MYLES,                              )
parent and next friend of C.M., a minor    )
1331 Savannah Street, SE, #6               )
Washington, D.C.  20032                    )
                                           )
and                                        )
                                           )
ANGELENIA NETTLES,                         )
parent and next friend of D.N., a minor    )
2749 Langston Place, SE                     )
Washington, D.C.  20020                    )
                                           )
and                                        )
                                           )
THERESA BROWN,                             )
parent and next friend of A.P., a minor    )
3074 Stanton Road, SE, #2A                  )
Washington, D.C.  20020                    )
                                           )
and                                        )
                                           )
BEVERLY BROCK,                             )
parent and next friend of L.P., a minor    )
4714 South Dakota Avenue, NE               )
Washington, D.C.  20017                    )
                                           )
and                                        )
                                           )
HAMMED and BLANCA ROMERO,                  )
parents and next friends of L.R., a minor  )
7019 Georgia Avenue, NW, #512              )
Washington, D.C.  20012                    )
                                           )
and                                        )
                                           )
KIOKA CALDWELL,                            )
parent and next friend of K.R., a minor    )
1017 Waller Place, SE                       )
Washington, D.C.  20020                    )
                                           )
and                                        )
                                           )

7

DELLTONJIA ADAMS,                              )
parent and next friend of S.S., a minor        )
2806 14th Street, NW, #101                      )
Washington, D.C.  20009                         )
                                                )
and                                             )
                                                )
DIANE TALLEY,                                  )
parent and next friend of A.T., a minor         )
500 3rd Street, NW, #201                        )
Washington, D.C.  20001                         )
                                                )
and                                             )
                                                )
JASMINE THOMAS,                                )
parent and next friend of J.T., a minor         )
1709 Benning Road, NE, #E23                     )
Washington, D.C.  20002                         )
                                                )
and                                             )
                                                )
JASMINE THOMAS,                                )
parent and next friend of J.T., a minor         )
1709 Benning Road, NE, #E23                     )
Washington, D.C.  20002                         )
                                                )
and                                             )
                                                )
INGA WARBINGTON,                               )
parent and next friend of C.W., a minor         )
1310 C Street, NE                               )
Washington, D.C.  20002                         )
                                                )
and                                             )
                                                )
LARRY WALKER,                                  )
parent and next friend of C.W., a minor         )
2720 Terrace Road, SE, #591B                    )
Washington, D.C.  20020                         )
                                                )
and                                             )
                                                )

8

CLAUDANN WILLIAMS,                                )
parent and next friend of C.W., a minor           )
14 35th Street, NE                                )
Washington, D.C.  20019                           )
                                                  )
and                                               )
                                                  )
YVETHIA WILLIAMS,                                 )
parent and next friend of K.W., a minor           )
2707 Shipley Terrace, SE, #3                      )
Washington, D.C.  20020                           )
                                                  )
and                                               )
                                                  )
BARBARA YOUNG,                                    )
parent and next friend of S.Y., a minor           )
2000 Savannah Terrace, SE, #J                     )
Washington, D.C.  20020                           )
                                                  )
                    Plaintiffs,                   )
                                                  )
        v.                                        )
                                                  )
THE DISTRICT OF COLUMBIA                          )
A Municipal Corporation                           )
One Judiciary Square                              )
441 Fourth Street, NW                             )
Washington, D.C.  20001                           )
                                                  )
serve:                                            )
                                                  )
ANTHONY L. WILLIAMS, Mayor                        )
District of Columbia                              )
1350 Pennsylvania Avenue, NW, 5th Floor           )
Washington, D.C.  20004                           )
                                                  )
serve:                                            )
                                                  )
ROBERT SPAGNOLETTI                                )
Senior Corporation Counsel                        )
District of Columbia                              )
1350 Pennsylvania Avenue, NW, Suite 409           )
Washington, D.C.  20004                           )

9

|                                          |     |
| ---------------------------------------- | --- |
| and                                      | )   |
|                                          | )   |
|                                          | )   |
| CLIFFORD JANEY (officially)              | )   |
| Superintendent, D.C. Public Schools      | )   |
| 825 North Capitol Street, NE             | )   |
| Suite # 9026                             | )   |
| Washington, D.C. 20002                   | )   |
|                                          | )   |
|                              Defendants. | )   |
|                                          | )   |

## COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND OTHER RELIEF

COME NOW, Plaintiffs, by and through their attorney, Tilman L. Gerald,

James E. Brown & Associates, PLLC, and in their Complaint for Declaratory, Injunctive,

and Other Relief respectfully represent unto this Honorable Court as follows:

### PRELIMINARY STATEMENT

1.     This is an action for full reimbursement of attorneys' fees and costs

incurred by Plaintiffs in their claims against the Defendants pursuant to the Individuals

with Disabilities Education Improvement Act ("IDEIA"). Defendants have failed to carry

out their legal duty to fully reimburse those fees and costs to Plaintiffs, the prevailing

parties, and without the Court's intervention, Plaintiffs in all likelihood will be unable to

obtain the full reimbursement due them.

### JURISDICTION

2.     This Court has jurisdiction pursuant to:

a.     The Individuals with Disabilities Education Improvement Act, 20

U.S.C. §§1400-1461 ("IDEIA"); The Rehabilitation Act ("Section

10

504"); 29 U.S.C. §794; 28 U.S.C. §§ 1441 and 1442; the *Mills*

decree, and pendent jurisdiction pursuant to D.C. Mun. Regs. Title

5 §§ 3000.1 - 3701.3 (2003);

b.    42 U.S.C. 1983 *et seq.*, inasmuch as Section 1983 provides a civil

remedy for acts taken under color of law that subject any citizen of

the United States or person within the jurisdiction thereof to the

deprivation of any rights, privileges, or immunities secured by the

Constitution and laws;

c.    Declaratory relief is authorized by 28 U.S.C. §§2201 and 2202.

3.    Venue is proper in this Court pursuant to 28 U.S.C. §1391.

## PARTIES

4.    Plaintiffs are children eligible to receive special education services and

benefits from the District of Columbia as defined by the IDEIA and Section 504, as well

as their parents or guardians who, at all times relevant to this action, were residents of the

District of Columbia, and who prevailed in administrative hearings held pursuant to the

IDEA. The parents bring this action on behalf of the children and in their own right, and

the individual Plaintiffs are designated as follows:

a.    At all times relevant hereto, Andrew Ankrom was a student in the District

of Columbia Public Schools' ("DCPS") Special Education Program. On or about August

5, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the

prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a

certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of

11

attorneys' fees and costs in the amount of $4,706.33 in accordance with the DCPS'
requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant
DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $4,706.33
is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's
Determination ("HOD") are attached hereto as EXHIBIT 1.

      b.     At all times relevant hereto, JeShawna Barksdale was a student in the
District of Columbia Public Schools' ("DCPS") Special Education Program. On or about
July 13, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the
prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a
certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of
attorneys' fees and costs in the amount of $6,616.59 in accordance with the DCPS'
requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant
DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $6,616.59
is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's
Determination ("HOD") are attached hereto as EXHIBIT 2.

      c.     At all times relevant hereto, Nathaniel Brock was a student in the District
of Columbia Public Schools' ("DCPS") Special Education Program. On or about July 20,
2005, Plaintiffs appeared before an Administrative Hearing Officer and was the
prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a
certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of
attorneys' fees and costs in the amount of $6,690.30 in accordance with the DCPS'
requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant

DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $6,690.30 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 3.

      d.    At all times relevant hereto, Armond Brown was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about July 20, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $5,425.13 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $5,425.13 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 4.

      e.    At all times relevant hereto, Khalil Bullock was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about July 11, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $7,531.46 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $7,531.46 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's

Determination ("HOD") are attached hereto as EXHIBIT 5.

      f.     At all times relevant hereto, Keith Butler was a student in the District of

Columbia Public Schools' ("DCPS") Special Education Program. On or about August 1,

2005, Plaintiffs appeared before an Administrative Hearing Officer and was the

prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a

certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of

attorneys' fees and costs in the amount of $5,010.95 in accordance with the DCPS'

requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant

DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $5,010.95

is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's

Determination ("HOD") are attached hereto as EXHIBIT 6.

      g.     At all times relevant hereto, Joshua Carter was a student in the District

of Columbia Public Schools' ("DCPS") Special Education Program. On or about July 22,

2005, Plaintiffs appeared before an Administrative Hearing Officer and was the

prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a

certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of

attorneys' fees and costs in the amount of $5,129.14 in accordance with the DCPS'

requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant

DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $5,129.14

is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's

Determination ("HOD") are attached hereto as EXHIBIT 7.

      h.     At all times relevant hereto, Ammaad Chase-El was a student in the

14

District of Columbia Public Schools' ("DCPS") Special Education Program. On or about August 1, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $5,566.88 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $5,566.88 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 8.

      i.     At all times relevant hereto, Denice Coleman was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about July 8, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $12,708.53 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $12,708.53 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 9.

      j.     At all times relevant hereto, Martia Conner was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about July 7, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the

prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $5,858.73 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $5,858.73 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 10.

k.    At all times relevant hereto, London Craig was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about July 29, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $9,768.77 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $9,768.77 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 11.

l.    At all times relevant hereto, Cassie Davis was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about July 18, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of

16

attorneys' fees and costs in the amount of $8,257.47 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parents for their attorneys' fees and costs, and $8,257.47 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 12.

m.     At all times relevant hereto, Alonzo Dunn was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about July 6, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $7,768.78 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $7,768.78 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 13.

n.     At all times relevant hereto, Mariko Ellis was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about July 20, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $4,653.87 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant

· 17

DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $4,653.87 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 14.

o. At all times relevant hereto, Jonathan Fennell was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about July 8, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $4,661.93 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $4,661.93 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 15.

p. At all times relevant hereto, Norville Fenwick was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about August 2, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiff's attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $6,036.40 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $6,036.40 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's

18

Determination ("HOD") are attached hereto as EXHIBIT 16.

      q.    At all times relevant hereto, Kevin Freeman was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about July 25, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing as that term is defined by law.  Plaintiffs' attorney timely submitted a  certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $8,623.83 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $8,623.83 is still due and owing from the Defendants.  Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 17.

      r.    At all times relevant hereto, Melvin Fuentes was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about June 20, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law.  Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $6,808.71 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS informed the parent's attorneys that they refused to reimburse the parent for her attorneys' fees and costs, and $6,808.71 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 18.

s.      At all times relevant hereto, Juan Gordon was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about July 26, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $7,803.42 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $7,803.42 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 19.

t.      At all times relevant hereto, Tyrone Hall was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about July 18, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $5,658.51 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $5,658.51 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 20.

u.      At all times relevant hereto, Tequan Hammond was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about

20

July 21, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $4,504.88 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $4,504.88 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 21.

v.    At all times relevant hereto, Teron Hassock was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about August 11, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $4,985.75 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $4,985.75 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 22.

w.    At all times relevant hereto, Jervon Herbin was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about July 25, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a

certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $5,624.86 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $5,624.86 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 23.

      x.    At all times relevant hereto, Niesha Hooker was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about July 21, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $4,429.62 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $4,429.62 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 24.

      y.    At all times relevant hereto, Jamal Houck was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about August 2, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $8,578.18 in accordance with the DCPS'

requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant

DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $8,578.18

is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's

Determination ("HOD") are attached hereto as EXHIBIT 25.

 z.  At all times relevant hereto, Olin Hubbard was a student in the District of

Columbia Public Schools' ("DCPS") Special Education Program. On or about June 23,

2005, Plaintiffs appeared before an Administrative Hearing Officer and was the

prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a

certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of

attorneys' fees and costs in the amount of $14,631.92 in accordance with the DCPS'

requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant

DCPS has refused to reimburse the parent for her attorneys' fees and costs, and

$14,631.92 is still due and owing from the Defendants. Copies of the invoice and

Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 26.

 aa.  At all times relevant hereto, Donnell Jackson was a student in the District

of Columbia Public Schools' ("DCPS") Special Education Program. On or about July 25,

2005, Plaintiffs appeared before an Administrative Hearing Officer and was the

prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a

certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of

attorneys' fees and costs in the amount of $8,923.71 in accordance with the DCPS'

requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant

DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $8,923.71

is still due and owing from the Defendants.  Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 27.

      bb.    At all times relevant hereto, Steven A. Jackson was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about July 25, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law.  Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $9,476.25 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.  Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $9,476.25 is still due and owing from the Defendants.  Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 28.

      cc.    At all times relevant hereto, Duane Leake was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about August 3, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law.  Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $6,367.11 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.  Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $6,367.11 is still due and owing from the Defendants.  Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 29.

dd.     At all times relevant hereto, Ronald Leigh was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about August 2, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $7,509.82 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $7,509.82 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 30.

ee.     At all times relevant hereto, Quamaine LeSane was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about July 27, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $3,390.42 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parents for their attorneys' fees and costs, and $3,390.42 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 31.

ff.     At all times relevant hereto, April Lewis was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about July 14,

2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $19,023.88 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $19,023.88 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 32.

gg.    At all times relevant hereto, Diamond Marshall was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about August 2, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $7,732.00 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $7,732.00 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 33.

hh.    At all times relevant hereto, Jamal Matthews was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about July 29, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a

certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $9,705.93 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $9,705.93 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 34.

 ii. At all times relevant hereto, David Mejia was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about June 21, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $9,158.34 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parents for their attorneys' fees and costs, and $9,158.34 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 35.

 jj. At all times relevant hereto, Alonte Mitchell was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about August 11, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $6,009.60 in accordance with the DCPS'

requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $6,009.60 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 36.

      kk.    At all times relevant hereto, Christian Myles was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about July 27, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $3,427.65 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $3,427.65 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 37.

      ll.    At all times relevant hereto, Derval Nettles was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about August 9, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $4,420.30 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $4,420.30

is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 38.

      mm.    At all times relevant hereto, April Penny was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about July 21, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $8,205.22 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $8,205.22 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 39.

      nn.    At all times relevant hereto, Lorenzo Petteway was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about July 25, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $7,401.13 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $7,401.13 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 40.

oo.    At all times relevant hereto, Luis Romero was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about August 1, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law.  Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $13,955.84 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.  Defendant DCPS has refused to reimburse the parents for their attorneys' fees and costs, and $13,955.84 is still due and owing from the Defendants.  Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 41.

pp.    At all times relevant hereto, Keithen Russell was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about July 8, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law.  Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $6,602.81 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law.  Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $6,602.81 is still due and owing from the Defendants.  Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 42.

qq.    At all times relevant hereto, Sam Stocks was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program.  On or about July 19,

2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $5,811.37 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $5,811.37 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 43.

      rr.     At all times relevant hereto, Amelia Talley was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about August 3, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $5,450.66 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $5,450.66 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 44.

      ss.     At all times relevant hereto, Jerry Thomas was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about July 15, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a

certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $6,461.34 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $6,461.34 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 45.

    tt.    At all times relevant hereto, Joseph Thomas was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about July 15, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $6,664.09 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $6,664.09 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 46.

    uu.    At all times relevant hereto, Christopher Warbington was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about July 19, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $3,607.54 in accordance with the DCPS'

32

requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $3,607.54 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 47.

vv.    At all times relevant hereto, Carlos Williams was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about August 4, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $7,710.20 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for his attorneys' fees and costs, and $7,710.20 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 48.

ww.    At all times relevant hereto, Curtis Williams was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about August 4, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $3,825.97 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $3,825.97

33

is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 49.

xx.    At all times relevant hereto, Kenneth Williams was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about July 21, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $5,269.19 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $5,269.19 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 50.

yy.    At all times relevant hereto, Shaniqua Young was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about July 22, 2005, Plaintiffs appeared before an Administrative Hearing Officer and was the prevailing party as that term is defined by law. Plaintiffs' attorney timely submitted a certified invoice, conforming to DCPS attorney fee guidelines, for reimbursement of attorneys' fees and costs in the amount of $4,813.85 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and federal law. Defendant DCPS has refused to reimburse the parent for her attorneys' fees and costs, and $4,813.85 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 51.

5. The District of Columbia is a municipal corporation that receives federal financial assistance and, therefore, is required to comply with the IDEIA, Section 504 and this Court's decision in *Mills v. District of Columbia Bd. of Educ.*, 348 F. Supp. 866 (D.D.C. 1972).

6. Clifford Janey is the Superintendent of the District of Columbia Public School System ("DCPS") and the Chief State Officer, and, as such, is responsible for ensuring that all disabled children in the District of Columbia receive a free appropriate public education ("FAPE") and that their rights to equal protection and due process of law are protected. Plaintiffs are suing Clifford Janey in his official capacity.

## FACTUAL ALLEGATIONS

7. Plaintiffs are all "prevailing parties" as defined in Buckhannon Board and Care Home, Inc., v. West Virginia Department of Health and Human Resources, 532 U.S. 598, 121 S. Ct. 1835, 149 L.Ed.2d 855 (2001), and are entitled to recover reimbursement and reasonable attorneys' fees.

8. On or about August 26, 2005, Plaintiffs, through counsel, timely submitted their invoices for reimbursement of reasonable attorneys' fees and costs to Defendants.

9. That according to Defendants' Guidelines for the Payment of Attorney Fees in IDEA Matters, invoices for reimbursement of reasonable attorneys' fees are considered denied if not acknowledged within 90 days of submission.

10. That more than 90 days have elapsed since the Plaintiffs, through counsel, timely submitted their invoices for reimbursement of reasonable attorneys' fees and costs to Defendants. Therefore, Plaintiff's invoices are considered denied by

35

Defendants.

11.    That under the Guidelines established by the Defendants, Plaintiff's claims for reimbursement are considered denied by Defendants.

12.    That Defendants have refused and/or failed to pay Plaintiffs' Attorney Fee Applications without just reason or cause.

13.    That in denying full reimbursement to Plaintiffs as and for their attorneys' fees and costs, the Defendants have knowingly, intentionally, and in contravention of settled law, substituted their own subjective standards for standards articulated by the IDEA and this Court.

14.    That additionally, Defendants have similarly refused to pay Plaintiffs' costs and billings associated with work performed by paralegals/legal assistants.

15.    That the Plaintiffs herein are "prevailing parties" as this term is defined in Buckhannon.

16.    That the amount of attorneys' fees awarded "shall be based on rates prevailing in the community in which the action arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(C).

17.    That the rate for "reasonable" attorneys' fees has been established by cases decided in the District of Columbia.  See, e.g., *Bailey v. District of Columbia*, 839 F. Supp. 888 (D.D.C. 1993).

18.    That the current billing rates for the attorneys, as evidenced by the invoices attached as EXHIBITS hereto, are reasonable and consistent with the prevailing market rates in the District of Columbia.

19.     That the Plaintiffs had settled expectations that if they prevailed they would be entitled to recover "reasonable" attorneys' fees at the rates "prevailing in the community" for the legal services provided by their attorneys.

20.     That in the case *sub judice*, the refusal of the Defendants to pay Plaintiffs' Attorney Fee Application is arbitrary, capricious and without a basis in law or fact.

21.     That IDEA and this Court clearly allow for the recovery of reasonable costs associated with claims brought by prevailing parties such as the Plaintiffs' herein.

22.     That Defendants have summarily refused to pay Plaintiffs' applications for all costs associated with their cases.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court:

1.     Enter an Order directing Defendants to reimburse Plaintiffs reasonable Attorneys' Fees and Costs in the sum of $358,965.16.

2.     Award each Plaintiff pre-judgment interest on each award.

3.     Award to Plaintiffs reasonable attorneys' fees and costs incurred in prosecuting the instant lawsuit.

4.     Awarding such other relief as may be just and proper.

Respectfully Submitted,

Tilman L. Gerald
Bar No.: 928796
James E. Brown & Associates, PLLC
1220 L Street, N.W., Suite 700
Washington, D.C. 20005
(202)742-2000
Attorney for Plaintiffs