# EXHIBIT 2

# District of Columbia Public Schools

OFFICE OF GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1994
Phone - 202-442-5000, Fax - 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1. **Attorney Information**
   Law Firm: JAMES E. BROWN & ASSOCIATES, PLLC
   Attorney: JAMES E. BROWN
   Federal Tax ID No.: 52-1500760
   D.C. Bar No.: 61622

2. **Student Information**
   Name: JeShawna Barksdale
   DOB: 11/22/94
   Date of Determination (HOD/SA): 8/16/05
   Parent/Guardian Name: Simona Barksdale
   Parent/Guardian Address: 1507 Benning Rd., NE, #014, 20002
   Current School: Miner ES
   Home School: Miner ES

3. **Invoice Information**
   Invoice Number: 05-350
   Date Request Submitted: 8/26/05
   Date(s) Services Rendered: 6/3/05 to 8/11/05
   Amount of Payment Request: $ 6,616.59

4. **Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

- all services listed on the enclosed invoices were actually performed;
- the entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
- the District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;
- no attorney or law firm who either (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
- I understand that the making of a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code §22-2405.

_James E Brown_                         August 26, 2005
Signature                               Date

# District of Columbia Public Schools
## State Enforcement and Investigation Division
Terry Michael Banks, Due Process Hearing Officer
825 North Capitol Street, N.E.; Room 8076
Washington, D.C. 20002
(571) 437-7381
Facsimile: (202) 442-5556

## Confidential

| | |
|---|---|
| JeSHAWNA BARKSDALE, STUDENT ) | |
| ) | |
| Date of Birth: November 22, 1994 ) | Hearing Date: July 13, 2005 |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Request for Hearing: June 8, 2005 |
| ) | |
| DISTRICT OF COLUMBIA ) | |
| PUBLIC SCHOOLS ) | |
| ) | Held at: 825 North Capitol Street, N.E. |
| Respondent. ) | 8th Floor |
| ) | Washington, D.C. 20002 |
| Student Attending: ) | |
| Miner Elementary School ) | |

## HEARING OFFICER'S DECISION

| | |
|---|---|
| **Parents:** | Ms. Simona Barksdale, Mother |
| | 1507 Benning Road, N.E.; #D14 |
| | Washington, D.C. 20002 |
| **Counsel for Petitioner:** | Roberta L. Gambale, Esquire |
| | James E. Brown & Associates |
| | 1220 L Street, N.W.; Suite 700 |
| | Washington, D.C. 20005 |
| | (202) 742-2000, x2021; Fax: (202)742-2098 |
| **Counsel for DCPS:** | Tiffany Puckett, Esquire |
| | Office of the General Counsel, DCPS |
| | 825 North Capitol Street, N.E. |
| | 9th Floor |
| | Washington, D.C. 20002 |

An index of names is attached hereto for the benefit of the parties. The index will permit the parties to identify specific witnesses and other relevant persons. The index is designed to be detached before release of this Decision as a public record.

## INDEX OF NAMES

| | |
|---|---|
| Child | JeShawna Barksdale |
| Child's Parent(s) (specific relationship) | Simona Barksdale, Mother |
| Child/Parent's Representative | Roberta L. Gambale, Esquire |
| School System's Representatives | Tiffany Puckett, Esquire |
| Educational Advocate | Cheron Sutton-Brock |
| Special Education Coordinator, DCPS | Ade Coker, Kramer E.S. <br> Phyllis A. Bolden, Miner E.S. |

### Jurisdiction

This hearing was conducted in accordance with the rights established under the Individuals With Disabilities Act ("IDEA"), 20 U.S.C. Sections 1400 et seq., Title 34 of the Code of Federal Regulations, Part 300; Title V of the District of Columbia ("District" or "D.C.") Municipal Regulations ("DCMR"), re-promulgated on February 19, 2003; and Title 38 of the D.C. Code, Subtitle VII, Chapter 25.

### Introduction

Petitioner is a ten year-old student attending Miner Elementary School ("Miner"). On June 8, 2005, Petitioner filed a *Request for Hearing* ("*Request*" or "*Petition*") alleging that the District of Columbia Public Schools ("DCPS") had (1) failed to comply with a hearing officer's decision, (2) failed to provide an appropriate Individualized Education Program ("IEP"), (3) failed to provide necessary services, and (4) failed to provide an appropriate placement. The due process hearing was convened on July 13, 2005. The parties' Five Day Disclosure Notices were admitted into evidence.

### Witnesses for DCPS

Phyllis A. Bolden, Special Education Coordinator, Miner E.S.
Ade Coker, Special Education Coordinator, Kramer E.S.

### Witnesses for Petitioner

Cheron Sutton-Brock, Educational Advocate
Stephanie DiSibour, Assistant Director, Ivymount School

### Findings of Fact

1. Petitioner is a ten year-old student attending Miner.[1]

2. On June 3, 2005, an HOD was issued that required, *inter alia*, that DCPS convene a Multidisciplinary Team ("MDT") meeting on or before June 14, 2005 to review evaluations, revise the Individualized Education Program ("IEP") and discuss placement. "During the said meeting, DCPS will provide appropriate placement options for discussion after which placement will be issued..."[2]

---

[1] *Request* at 1.
[2] Petitioner's Exhibit ("P.Exh.") No. 3 at 2.

3. DCPS convened an MDT meeting on June 6, 2005. The MDT classified Petitioner with mental retardation ("MR") and prescribed full-time specialized instruction, 30 minutes per week of speech and language therapy, one hour per week of psychological services, and one hour per week of occupational therapy.[3] Ms. Bolden stated that Petitioner received all services on her previous IEP except that she continued to attend Art, Music and Computer in regular education classes.[4]

4. DCPS recommended placement at Kramer E.S. Petitioner's mother and educational advocate proposed placement at Ivymount School ("Ivymount").[5] No one from DCPS provided any specific information concerning the program at Kramer.[6]

5. Petitioner was accepted at Ivymount on May 31, 2005.[7] Ivymount is a private school that offers full-time special education services. It has 215 students aged four to twenty-one. All of its special education teachers are licensed by Maryland, and all of its related service therapists are certified by the state. If Petitioner were to attend Ivymount, she would be in a class of 12 students. Her teacher would have three teaching assistants, all with undergraduate degrees in education-related fields. Ivymount has the related services professionals to provide the related services prescribed on Petitioner's IEP. The other children in the class have specific learning disabilities and mild mental retardation. Approximately sixty-five percent (65%) of the students at Ivymount have mild mental retardation.[8]

**Conclusions of Law**

1. DCPS met its burden of proving that it developed an appropriate IEP and provided services as required under Petitioner's previous IEP. Ms. Bolton provided credible testimony concerning the services provided to Petitioner. Petitioner's counsel argued that DCPS did not provide extended year services as required. However, the Petitioner's mother did not register Petitioner for ESY or for ESY transportation.

2. DCPS denied Petitioner a free appropriate public education by failing to comply with the June 3, 2005 HOD. That HOD required DCPS to "provide appropriate placement options for discussion after which placement will be issued..." Nothing in the Meeting Notes suggests that DCPS presented any option other than Kramer at the June 6, 2005 MDT meeting, and no DCPS representative offered any specific information as to the program at Kramer. Since no one at the MDT had any knowledge of the program at Kramer, DCPS' insistence in placing Petitioner at Kramer betrays (1) a predetermined placement, and (2) a placement that was not based on Petitioner's individual needs. IDEA and the regulations promulgated thereunder impose a specific obligation on DPCS to

---

[3] P.Exh. No. 8 at 1.
[4] Petitioner's October 13, 2004 IEP prescribed 21.5 hours of specialized instruction. P.Exh. No. 10 at 1.
[5] P.Exh. No. 8, Meeting Notes.
[6] Testiomony of Ms. Sutton-Brock.
[7] P.Exh. No. 19.
[8] Testimony of Ms. DiSibour.

4

afford a student's parents the opportunity to participate in the placement decision. The placement determination must be made "by a group of persons, including the parents, and other persons knowledgeable about the child, the meaning of the evaluation data, and the placement options, and ... is based on the child's IEP."[9]

The facts in this case are similar to those in *W.G. v. Board of Trustees of Target Range School District No. 23*.[10] There, the school system gave no serious consideration to any proposal but the one it proposed. The Ninth Circuit agreed with the district court that the school district had independently developed a proposed IEP that would place the student in a predetermined program.[11] The court held that in order to fulfill the goal of parental participation in the IEP process, the school district was required to conduct, not just an IEP meeting, but a *"meaningful"* IEP meeting.[12]

In *Deal v. Hamilton County Board of Education*,[13] the Sixth Circuit reversed a district court decision in which the lower court denied reimbursement for a unilateral private placement by the parents. The parents had alleged that they had been denied a meaningful opportunity to participate in a placement determination in that the school system refused to consider funding a program for their autistic child that seemed to be effective.

> The facts of this case strongly suggest that the School System had an unofficial policy of refusing to provide one-on-one ABA programs and that School System personnel thus did not have open minds and were not willing to consider the provision of such a program... The clear implication is that no matter how strong the evidence presented by the Deals, the School System still would have refused to provide the services. This is predetermination.
>
> The School System seemed to suggest, at oral argument, that it is entitled to invest in a program such as TEACCH and then capitalize on that investment by using the TEACCH program exclusively. But this is precisely what it is not permitted to do, at least without fully considering the individual needs of each child. A school district unquestionably may consider cost in determining appropriate services for a child. The school district is required, however, to base its placement decision on the child's IEP, 34 C.F.R. § 300.552, rather than on the mere fact of a pre-existing investment. In other words, the school district may not, as it appears happened here, decide that because it has spent a lot of money on a program, that program is always going to be appropriate for educating children with a specific disability, *regardless of any evidence to the contrary of the individualized needs of a particular child*. A placement decision may only be considered to have been based on the child's IEP when the child's individual characteristics, including

---

[9] 34 CFR §300.552(a)(1) and (b)(2).
[10] 960 F.2d 1479 (9th Cir. 1992).
[11] *Id.* at 1484.
[12] *Id.* at 1485.
[13] 392 F.3d 840 (6th Cir. 2004).

5

demonstrated response to particular types of educational programs, are taken into account.[14]

The regulations also require DCPS to provide a written explanation in the Prior Notice if it declines a parent's placement proposal.[15] Neither DCPS' June 6, 2005 Prior Notice nor Meeting Notes offered any explanation for its decision not to consider or accept the parent's proposal for a placement at Ivymount.

3. Ivymount would be an appropriate placement for Petitioner. It offers a small-class, low student-to-teacher ratio environment. It has extensive experience with students with Petitioner's disability. All of its teachers are licensed by Maryland, and all of its therapists are certified by the state. Ivymount has the related services professionals to provide the related services on Petitioner's IEP.

Under *Florence County School District Four v. Carter*,[16] when a public school system has defaulted on its obligations under the Act, a private school placement is "proper under the Act" if the education provided by the private school is "reasonably calculated to enable the child to receive educational benefits."[17] "[O]nce a court holds that the public placement violated IDEA, it is authorized to 'grant such relief as the court determines is appropriate.' '...[E]quitable considerations are relevant in fashioning relief'... and the court enjoys 'broad discretion' in so doing."[18]

4. Petitioner is the prevailing party in this proceeding.

## ORDER

Upon consideration of Petitioner's request for a due process hearing, the parties' Five Day Disclosure Notices, the testimony presented at the hearing, and the representations of the parties' counsel at the hearing, this 16th day of August 2005, it is hereby

---

[14] *Id.*, 392 F.3d at 858-59, citations omitted. *See also, Spielberg ex rel. Spielberg v. Henrico County Public Schools*, 853 F.2d 256, 258-59 (4th Cir. 1988)(placement must be based on the IEP, and parents' after the fact involvement in the decision does not satisfy the obligation to provide a meaningful opportunity to participate in the decision).
[15] The regulation prescribing the contents of a Prior Notice, 34 CFR §300.503(b), provides:
(b) Content of notice. The notice required under paragraph (a) of this section must include—
(1) A description of the action proposed or refused by the agency;
(2) An explanation of why the agency proposes or refuses to take the action;
(3) A description of any other options that the agency considered and the reasons why those options were rejected;
(4) A description of each evaluation procedure, test, record, or report the agency used as a basis for the proposed or refused action;
(5) A description of any other factors that are relevant to the agency's proposal or refusal...
34 CFR §300.503(b).
[16] 510 U.S. 7 (1993).
[17] *Id.*, 510 U.S. at 11.
[18] *Id.*, 510 U.S. at 15-16.

ORDERED, that Petitioner is hereby placed at Ivymount. DCPS will immediately issue a Prior Notice placing and funding Petitioner at Ivymount including transportation and all other appropriate related services.

**IT IS FURTHER ORDERED,** that this Order is effective immediately.

### Notice of Right to Appeal Hearing Officer's Decision and Order

This is the final administrative decision in this matter. Any party aggrieved by the findings and/or decision may bring a civil action in any state court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy, in accordance with 20 U.S.C. Section 1415(i)(2)(A) within thirty days of the entry of the Hearing Officer's Decision.[19]

_____
Terry Michael Banks
Hearing Officer

Date: August 16, 2005

Issued: 8-16-05

---

[19] See *Amman v. Town of Stow*, 991 F.2d 929, 931(1st Cir. 1993) (since the IDEA does not set a time limit for lawsuits brought under its terms, the district court must "borrow" the most analogous statute of limitations under state law); *Spiegler v. District of Columbia*, 866 F.2d 461, 463-64 (D.C. Cir. 1989)(borrowing a 30-day limitations period for review of agency orders and applying it to an appeal from a decision under the predecessor to IDEA). In the District of Columbia, the Rules of the Board of Education do not prescribe a time limit for bringing the civil action authorized by the IDEA and the Board's Regulations, 5 D.C.M.R. Section 3032.5. The D.C. Administrative Procedures Act defers to the District of Columbia Court of Appeals to set the limitation period for filing an appeal from a final agency action. D.C. Code §2-510(a). Under the Court's rules, a petition for review of an agency order must be filed within thirty days. D.C. Ct. App. Rule 15(a).

Copies to:

Roberta L. Gambale, Esquire
James E. Brown & Associates
1220 L Street, N.W.; Suite 700
Washington, D.C. 20005
(202) 742-2000, x2021; Fax: (202)742-2098

Tiffany Puckett, Esquire
Office of the General Counsel, DCPS
825 North Capitol Street, N.E.
9th Floor
Washington, D.C. 20002

8

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| RR | Rachel Rubenstein, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| TG | Tilman Gerald, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| SM | Sharon Millis, M. Ed. |
| CM | Carolyn Monford, MA |
| GMH | Garfield Mark Holman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CP | Carrie Pecover, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA, JD |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

James E. Brown & Associates, PLLC
A Professional Limited Liability
Company
1220 L Street, NW Suite 700
Washington, DC 20005


Invoice submitted to:
JeShawna Barksdale


August 23, 2005
In Reference To:   JeShawna Barksdale

Invoice #10913


Professional Services

| Date | | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/3/2005 | CS | Prepared for upcoming MDT/IEP meeting | 0.58<br>175.00/hr | 101.50 |
| | CS | Discussion with DCPS staff (Bolden) re upcoming placement mtg | 0.25<br>175.00/hr | 43.75 |
| 6/6/2005 | CS | Research educational needs via review of HOD | 0.33<br>175.00/hr | 57.75 |
| | CS | Draft letter to attorney re HR consideration | 0.42<br>175.00/hr | 73.50 |
| | CS | Attended MDT/IEP @ Miner ES | 3.00<br>175.00/hr | 525.00 |
| 6/7/2005 | CMM | Drafted letter to parent/enclosed copy of acceptance letter received from Ivymount School | 0.50<br>105.00/hr | 52.50 |
| 6/8/2005 | ML | Prepared and file due process hearing request to DCPS. | 2.00<br>350.00/hr | 700.00 |
| 6/13/2005 | CMM | Review and drafted letter to parent/enclosed HOD issued 6/3/05 | 0.58<br>105.00/hr | 60.90 |
| 6/15/2005 | ML | Drafted letter to parent re hearing request issues and case status | 0.42<br>350.00/hr | 147.00 |
| | CS | Examined hearing request filed by attorney | 0.42<br>175.00/hr | 73.50 |

JeShawna Barksdale                                                                                                    Page    2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/23/2005 | CMM | Drafted letter to parent including hearing notice | 0.50<br>105.00/hr | 52.50 |
|  | CMM | Phone call to parent to notify them of hearing schedule | 0.17<br>105.00/hr | 17.85 |
| 6/27/2005 | CS | Telephone call to private school (Ivy Mount) | 0.17<br>175.00/hr | 29.75 |
| 6/28/2005 | CS | Discussion with DiSibour re upcoming hearing and her testimony | 0.25<br>175.00/hr | 43.75 |
| 7/6/2005 | ML | Prepare disclosure to DCPS. | 0.75<br>350.00/hr | 262.50 |
|  | CMM | Assisted attorney to prepare disclosure to DCPS | 1.50<br>105.00/hr | 157.50 |
| 7/11/2005 | ML | Prepared for Due Process Hearing. | 1.50<br>350.00/hr | 525.00 |
|  | RG | Prepared for Due Process Hearing with ML | 0.50<br>350.00/hr | 175.00 |
| 7/12/2005 | CS | Prepared for Due Process Hearing | 1.00<br>175.00/hr | 175.00 |
| 7/13/2005 | ML | Appearance to 825 North Capital for due process hearing. | 3.00<br>350.00/hr | 1,050.00 |
|  | RG | Appearance to 825 North Capital for due process hearing and pre/ post conference with witnesses | 3.00<br>350.00/hr | 1,050.00 |
|  | CS | Appearance to 825 North Capital for due process hearing | 3.00<br>175.00/hr | 525.00 |
|  | CS | Conference with parent re student attending summer school at Ludlow-Taylor where she is going to camp. This was a follow-up to this morning's hearing. I told the parent that she needed to communicate with the current school in order to make sure her IEP could be implemented. | 0.33<br>175.00/hr | 57.75 |
| 7/15/2005 | CS | Conference with parent re Jeshawna not attending summer school anymore re scheduling conflicts with her job | 0.25<br>175.00/hr | 43.75 |
| 7/19/2005 | ML | Phone call from Ivymount, re: HOD findings and waiting list for student. | 0.17<br>350.00/hr | 59.50 |
| 8/3/2005 | CS | Conference with parent re her withdrawing student from summer school after the 1st or 2nd week) | 0.25<br>175.00/hr | 43.75 |

JeShawna Barksdale                                                                                                          Page    3

|            |     |                                                                                                          | Hrs/Rate        | Amount     |
|------------|-----|----------------------------------------------------------------------------------------------------------|-----------------|------------|
| 8/4/2005   | ML  | Phone call from parent, re: HOD status and next year's placement.                                        | 0.33 350.00/hr  | 115.50     |
|            | ML  | Draft letter to request HOD status.                                                                      | 0.25 350.00/hr  | 87.50      |
| 8/8/2005   | CMM | Assist attorney in sending correspondence to DCPS Student Hearing Office in request copy of transcript   | 0.08 105.00/hr  | 8.40       |
| 8/11/2005  | CMM | Drafted letter to parent/enclosed letter sent to DCPS in request copy of HOD of hearing held 7/13/05     | 0.50 105.00/hr  | 52.50      |
|            |     | For professional services rendered                                                                       | 26.00           | $6,367.90  |

Additional Charges :

| Date      | Description                                                     | Amount |
|-----------|-----------------------------------------------------------------|--------|
| 6/3/2005  | Facsimile Received from DCPS; HOD                               | 5.00   |
|           | Copied documents; HOD                                           | 5.00   |
| 6/7/2005  | Copied: Case status letter for parent.                          | 0.50   |
|           | Postage; case status letter to parent                           | 0.37   |
| 6/8/2005  | Copied documents; HR                                            | 2.50   |
| 6/13/2005 | Copied: SA letter for parent.                                   | 1.25   |
| 6/14/2005 | Postage; HOD letter to parent.                                  | 0.60   |
| 6/15/2005 | Postage; letter to parent.                                      | 0.60   |
|           | Copied documents; letter to parent                              | 2.50   |
| 6/23/2005 | Copied: HND letter for parent.                                  | 0.50   |
|           | Postage; HND letter to parent                                   | 0.37   |
| 7/6/2005  | Copied documents- Disclosure                                    | 93.75  |
|           | Messenger Service to and from DCPS (5-day Disclosures)          | 20.00  |
| 7/13/2005 | Sedan taxi service to and from DCPS for hearing                 | 14.00  |
| 8/8/2005  | Facsimile to SHO; request of HOD                                | 2.00   |
| 8/11/2005 | Postage; letter to parent re: case status.                      | 0.37   |
|           | File review preparation of bill and invoice audit               | 96.88  |

JeShawna Barksdale                                                                                  Page      4

                                                                                                   <u>Amount</u>

8/11/2005  Copied documents; letter to parent                                                         2.50
                                                                                                 ─────────
           Total costs                                                                             $248.69
                                                                                                 ─────────
           Total amount of this bill                                                             $6,616.59