# EXHIBIT 9



# District of Columbia Public Schools

**OFFICE OF GENERAL COUNSEL**
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1994
Phone – 202-442-5000, Fax – 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1.  **Attorney Information**
    Law Firm:                     JAMES E. BROWN & ASSOCIATES, PLLC
    Attorney:                     JAMES E. BROWN
    Federal Tax ID No.:           52-1500760
    D.C. Bar No.:                 61622

2.  **Student Information**
    Name:                         Denice Coleman
    DOB:                          3/17/91
    Date of Determination (HOD/SA): 7/21/05
    Parent/Guardian Name:         Pamela Wheeler
    Parent/Guardian Address:      5229 Cloud Pl., NE, WDC 20019
    Current School:               Mamie D. Lee
    Home School:                  Mamie D. Lee

3.  **Invoice Information**
    Invoice Number:               05-357
    Date Request Submitted:       8/26/05
    Date(s) Services Rendered     3/28/05 to 8/4/05
    Amount of Payment Request     $ 12,708.53

4.  **Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

- all services listed on the enclosed invoices were actually performed;
- the entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
- the District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;
- no attorney or law firm who either (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
- I understand that the making of a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code §22-2405.

_James E Brown_                                 August 26, 2005
Signature                                       Date

07/21/2005  14:21    20244255.                STUDENT HEARINGS    F                    PAGE  02/09

(In the Matter of  DOB 3/17/91  HOD: July 20, 2005)

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## *State Enforcement and Investigation Division*
### CONFIDENTIAL
### Coles B. Ruff, Jr., Due Process Hearing Officer

| | | |
|---|---|---|
| In the Matter of Denice Coleman | ) | **IMPARTIAL DUE PROCESS** |
| Date of Birth: March 17, 1991 | ) | |
| | ) | **HEARING OFFICER'S DECISION** |
| Petitioner, | ) | Hearing Date: July 8, 2005 |
| | ) | |
| v. | ) | Held at: 825 North Capitol St. NE |
| | ) | Washington, DC |
| District of Columbia Public Schools | ) | |
| ("DCPS" or "District") | ) | |
| Attending School: Mamie D. Lee | ) | |
| Respondent. | ) | |

Counsel for Student:                       Delores Scott McKnight, Esq.
                                           1220 L Street NW  #700
                                           Washington, DC  20005

Counsel for DCPS:                          Katherine Rodi, Esq.
                                           Office of General Counsel
                                           825 North Capitol St. NE
                                           Washington, DC  20002

## JURISDICATION:

A Due Process Hearing was convened on July 8, 2005, at the headquarters of the District of Columbia Public Schools, 825 North Capitol Street, NE, Washington, DC 20002, in response to a hearing request submitted by counsel for the student and parent filed May 9, 2005. The hearing was conducted and this decision was written pursuant to the *Individuals with Disabilities Act* (I.D.E.A.), P.L. 101-476, as amended by P.L. 105-17, the Rules of the Board of Education of the District of Columbia and the DC Appropriations Act, Section 145, effective October 21, 1998.

## DUE PROCESS RIGHTS:

The parent's counsel waived a formal reading of the due process rights.

## SUMMARY OF THE RELEVANT EVIDENCE:

The Hearing Officer considered the representations made on the record by each counsel, the testimony of the witness(es) and the documents submitted in the parties' disclosures (DC 1-51 and DCPS 1- 9) which were admitted into the record.[1]

---

[1] The evidence that is the source of the finding of fact is noted within a parenthesis following the finding.

1

*(In the Matter of   DOB 3/17/91   HOD: July 20, 2005)*

**FINDINGS OF FACT:**

The student has been determined to be eligible for special education and related services with a disability classification of mental retardation (MR). The student attends Mamie D. Lee School (Lee). (DC 3)

The student's special education teacher at Lee for the 2004-05 school year, Mrs. Cherry Limbos, was not certified as a special education teacher. Mrs. Limbos; however, had a Bachelors degree and had taken and passed her Praxis exam, except in the area of math. Ms. Limbos became fully certified in special education in May 2005. She also met the new teacher standards set by DCPS and is only one of four teachers at Lee to have met the standards. (Ms. Newman's testimony)

In February 2005 Lee's principal sent a notice to all parents at Lee whose children's teacher(s) did not meet the requirements of highly qualified status as required by "No Child Left Behind" (NCLB). The parent received such a notice informing her that Mrs. Limbos was not certified to teach special educational. The letter indicated that Mrs. Limbos was working to meet the requirements and the school had full confidence in her ability to teach effectively in her assignment. The letter indicated that Mrs. Limbos had completed 30 graduate credit hours in special education and had passed the "Praxis II Education of Exceptional Students: Core Content Knowledge." (Ms. Newman's testimony, DC 23, DCPS 6)

DCPS convened the multi-disciplinary team (MDT) meeting on June 8, 2005, to review the student's individualized educational program (IEP). The parent did not attend. The meeting was continued to a date the parent could be present and was reconvened on June 16, 2005. The DCPS personnel attending included, among others, the student's special education teacher, Mrs. Limbos, the DCPS speech pathologist, Mrs. Adrienne Dawson, Ms. Crystal Dorn the DCPS school psychologist and Ms. Helena Newman, Lee's special educational coordinator. The MDT concluded that the student continued to qualify as a student with MR classification, reviewed the students progress and determined what additional evaluations of the student were warranted. (Ms. Newman's testimony, DC I)

The parent participated in some of the meeting by telephone and indicated she wished her educational advocate represent her interests in the remainder of the meeting. Prior to leaving the meeting the parent indicated that she only had concerns about the student's gross motor skills. As a result, the MDT concluded an occupational therapy (OT) evaluation and an update of the social history would be conducted. (Ms. Newman's testimony, DC 7)

After the parent left the meeting the educational advocate requested several additional evaluations of the student including the following: psychological, speech/language, social history, adaptive functioning, educational, and occupational therapy (OT). DCPS agreed to only conduct the social history and the OT evaluation based on the parent's comments earlier in the meeting that she was only concerned with the student's motor skills. (Ms. Newman's testimony, DC 1)

2

(In the Matter of  DOB 3/17/91  HOD: July 20, 2005)

Prior to the June 16, 2005, decision by DCPS to conduct an OT evaluation and social
history DCPS conducted a triennial review of the student evaluations on April 30, 2004.
The MDT at that time determined that no new assessments of the student were required.
The MDT prepared a reevaluation summary report which indicated the MDT reviewed
the student's 1999 psychological evaluation, the 2001 speech/language evaluation, the
1999 social work evaluation, 2003 OT evaluation and the student's 2003 IEP. (Ms.
Newman's testimony DCPS 2)

**ISSUE(S):**

Did DCPS deny the student FAPE by:

    (1) Having an uncertified special education teacher provide the student specialized
        instruction.

    (2) Failing to timely re-evaluate the student.

**CONTENTIONS OF THE PARTIES:**

DCPS counsel asserted the following:

1. DCPS did not have an obligation to have all teachers certified until the end of the
   2004-05 school year.
2. DCPS notified parents of all teachers who were not certified as required by
   NCLB.
3. The teacher was nonetheless qualified to provide services under IDEA.
4. The teacher assigned to the student was working on the certification requirements
   and is now certified.
5. The student was not harmed by the teacher providing her services.
6. The school is obligated to re-evaluate every three years and did so; in doing the
   reevaluation the MDT determined that no additional evaluations were necessary.
7. If the school does regular observations and informal assessments and determines
   that nothing can be gained from the evaluation it is appropriate not to conduct the
   evaluations.
8. A psychologist was present at the meeting in 2004 and agreed with the
   determination no new assessments were required.
9. DCPS has agreed to conduct an OT re-evaluation and has responded appropriately
   to all the parent's requests regarding the student.
10. RS v. District of Columbia supports a finding of no violation on the allegation
    that triennials were not conducted.

The parent's counsel asserted the following:

1. NCLB is specific as to the requirement that all teachers be highly qualified.
2. There were no progress reports to dispute the parent's assertion that the student
   has made no progress; therefore, there has been harm to the student.

(In the Matter of  DOB 3/17/91  HOD: July 20, 2005)

3. IDEA and interpreting case law clearly indicate that evaluations are to be conducted when the parent and teacher make a request and in no case beyond three years.
4. The current IEP is inappropriate because it was not based on current evaluations.

**CONCLUSIONS OF LAW:**

Pursuant to 5 DCMR 3030.3 DCPS bears the burden of proof, based solely upon the evidence and testimony presented at the hearing, that the action or proposed placement is adequate to meet the educational needs of the student.

1. Did DCPS deny the student FAPE by having an uncertified special education teacher provide the student specialized instruction? Conclusion: DCPS sustained its burden of proof.

Although the student's special education teacher did not, for the majority of the 2004-05 school year, hold certification as a special education teacher, she was obviously actively fulfilling all the requirements for certification and had the requisite training and skills to provide services to the student. The teacher had completed most of the qualifications and was fully certified by May 2005. Her failure to meet the NCLB requirements is not per se a denial of FAPE. There is no indication the student was in any way harmed by receiving her specialized instruction from Mrs. Limbos, who was apparently quite qualified to provide the student specialized instruction. Absent any specific evidence of harm the Hearing Officer concludes the student was not denied FAPE.

2. Did DCPS deny the student FAPE by failing to timely re-evaluate the student? Conclusion: DCPS did not sustain its burden of proof.

42 CFR 300.536 provides that reevaluations should be conducted if conditions warrant, or if the child's parent or teacher request reevaluation, but at least once every three years. IDEA does not mandate that the same assessment tools that were used in the previous evaluation be used when a student is reevaluated. The data used for re-evaluation may include among other things teacher observations and teacher assessments. There was sufficient evidence that DCPS conducted a re-evaluation review in April 2004 and took into account the teacher's and related services provider's assessments of the student's current performance.

Nonetheless, there was no evidence presented that DCPS conducted any reevaluations or a reevaluation review in 2002 when it appears the reevaluation should have been conducted. The student's most recent psychological evaluation was conducted in 1999 and, therefore, should have been reviewed in 2002. There was no evidence to indicate that the student's cognitive and/or academic abilities have been officially evaluated since 1999. Because there was no evidence that there were reevaluation and/or review in this regard prior to the April 30, 2004, meeting the Hearing Officer concludes DCPS failed to prove that it timely reevaluated the student. The purpose of reevaluations is not simply to determine if the student continues to be a student with a disability. Reevaluations are

4

(In the Matter of  DOB 3/17/91  HOD: July 20, 2005)

also helpful in determining whether the student's disability classification and
programming should be adjusted, and helpful in determining the student's present levels
of performance and whether the student has progressed since the prior evaluation.
Consequently, failure to timely reevaluate is detrimental to any student and was with
regard to this student in particular a denial of FAPE.

**ORDER:**

1. DCPS shall, within twenty (20) business days of the issuance of this Order
   convene student education plan (SEP) meeting to determine what additional
   evaluations of the student are warranted.
2. Within forty-five (45) calendar days of the SEP meeting DCPS shall complete all
   evaluations determined to be warranted in the SEP meeting and shall convene a
   multi-disciplinary team/individualized educational program (MDT/IEP) meeting
   to review the student's evaluations, review and revise the student's IEP as
   appropriate, and develop a compensatory education plan for the student having
   not been timely reevaluated.
3. All scheduling is to be arranged through parent's counsel.
4. DCPS will be given a day for a day extension of any of the prescribed time frames
   in this Order for any delay caused by the student, her parent and/or
   representative(s).

**APPEAL PROCESS:**

This is the final administrative decision in this matter. Appeals on legal grounds may be
made to a court of competent jurisdiction within 30 days of the rendering of this decision.

**Coles B. Ruff, Esq.**
**Hearing Officer**
**Date: July 20, 2005**

Issued:  _07/21/05_

5

(In the Matter of  DOB 3/17/91  HOD: July 20, 2005)

## In the MATTER OF Denice Coleman V. DCPS

### INDEX OF EXHIBITS

| EXHIBIT # | IDENTIFICATION | ADMITTED |
|---|---|---|
| DC 1-51 | Parent's Disclosures | Yes |
| DCPS 1-9 | DCPS Disclosures | Yes |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  | * A detailed list of the documents disclosed is contained in the parties' disclosure notices |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

(In the Matter of  DOB 3/17/91  HOD: July 20, 2005)

**In the MATTER OF Denice Coleman V. DCPS**
**RECORD OF PROCEEDING**

| DATE | DESCRIPTION |
|------|-------------|
| 5/8/05 | Request for Due Process |
| | Notice of Pre-Hearing Conference (as applicable) |
| 5/11/05 | Notice of Due Process Hearing |
| | SETS Disposition Form |
| | Transcripts or audio tapes of hearing |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

(In the Matter of  DOB 3/17/91  HOD: July 20, 2005)

# INDEX OF NAMES

### In the MATTER OF Denice Coleman V. DCPS

| | |
|---|---|
| Assistant Superintendent, Special Education (or Director) | |
| Special Education Coordinator | Ms. Helena Newman |
| School Psychologist | |
| Regular Education Teacher | |
| | |
| Speech/Language Therapist | |
| Occupational Therapist | |
| Physical Therapist | |
| Private Psychologist | |
| Child and Child's DCPS ID # or SSN (insert ID # or Case Number on each page of the HOD vice child's name) | |
| Child's Parent(s) (specific relationship) | Ms. Pamela Coleman Wheeler (Mother) |
| Child/Parent's Representative | Delores Scott McKnight, Esq. |
| School System's Representative | Katherine Rodi, Esq. |
| Parent's Educational Advocate | Mr. William E. Daywalt, Jr. |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

07/21/2005  14:21    20244255--              STUDENT HEARINGS oFF                    PAGE  01/09

# District of Columbia Public Schools
## *Office of Compliance*
# STUDENT HEARING OFFICE
'825 North Capitol Street, N.E.
8TH Floor.,
Washington, D.C. 20002
FAX: (202) 442-5556



## *FACSIMILE SHEET*

Date: *07/21/05.*

TO: *D. McKnight*

FROM: STUDENT HEARING OFFICE

RE: *HOD- Denice Coleman*

TOTAL NUMBER OF PAGES, INCLUDING COVER: *9*

COMMENTS:

*CONFIDENTIALITY NTOICE*: The information accompanying this facsimile is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the content of this telecopied information is strictly prohibited.

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| RR | Rachel Rubenstein, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| TG | Tilman Gerald, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| SM | Sharon Millis, M. Ed. |
| CM | Carolyn Monford, MA |
| GMH | Garfield Mark Holman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CP | Carrie Pecover, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA,JD |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

James E. Brown & Associates, PLLC
A Professional Limited Liability
Company
1220 L Street, NW Suite 700
Washington, DC  20005


Invoice submitted to:
Denice Coleman
Pamela Coleman-Wheeler
5229 Cloud Place, NE
Washington DC 20019


August 04, 2005
In Reference To:     Denice Coleman
                     DOB: 3/17/91
                     School: Maime D. Lee

Invoice #10876

          Professional Services

|  |  | Hrs/Rate | Amount |
|---|---|---|---|
| 3/28/2005 BDL | Conference with parent to discuss opening case and child's educational needs. | 1.50 105.00/hr | 157.50 |
| BM | Consultation with parent and legal assistant, research and case preparation. | 1.50 350.00/hr | 525.00 |
| 3/30/2005 WD | Reviewed intake. | 0.08 175.00/hr | 14.00 |
| AAG | Drafted initial letter to parent | 1.12 105.00/hr | 117.60 |
| 4/13/2005 WB | Telephone call to DCPS school staff @ Mamie D. Lee School for records inquiry | 0.17 105.00/hr | 17.85 |
| WB | Drafted letter requesting records from Mamie D. School and DCPS | 0.42 105.00/hr | 44.10 |
| 4/14/2005 WB | Requested evaluations from Mamie D. Lee School and DCPS | 0.50 105.00/hr | 52.50 |
| WB | Drafted letter to parent re: case status and records & reevals requests from Mamie D. Lee School and DCPS | 0.42 105.00/hr | 44.10 |
| 4/28/2005 WB | Conference with parent re: case status and student's hospitalization | 0.33 105.00/hr | 34.65 |
| 5/5/2005 WD | Phone call to parent to discuss status and progress. | 0.17 175.00/hr | 29.75 |

Denice Coleman                                                                 Page    2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/5/2005 | WD | Draft letter to attorney, status. | 0.25<br>175.00/hr | 43.75 |
| 5/6/2005 | BM | Prepared due process hearing request to DCPS | 2.00<br>350.00/hr | 700.00 |
| 5/9/2005 | WD | Draft letter to/faxed observation request to DCPS. | 0.58<br>175.00/hr | 101.50 |
| 5/10/2005 | WD | Phone call from Ms. Newman, SPED Coor. at Mamie D. Lee.  Left message. | 0.08<br>175.00/hr | 14.00 |
|  | WD | Phone call to Ms. Newman confirming observation. | 0.17<br>175.00/hr | 29.75 |
| 5/11/2005 | WD | Reviewed faxed sent by DCPS.  Filed | 0.17<br>175.00/hr | 29.75 |
|  | WB | Drafted letter to parent w/ HR filed on 5/8/05 enclosed | 0.42<br>105.00/hr | 44.10 |
| 5/16/2005 | WD | Reviewed file in preparation for observaiton. | 0.50<br>175.00/hr | 87.50 |
|  | WD | Phone call to parent discussing progress and observation. | 0.25<br>175.00/hr | 43.75 |
|  | WD | Phone call to Ms. Newman regarding MDT meeting.  Left message. | 0.08<br>175.00/hr | 14.00 |
|  | WD | Phone call to parent to discuss MDT dates.  Left message. | 0.08<br>175.00/hr | 14.00 |
| 5/17/2005 | WD | School visit; classroom observation at Mamie D. Lee. | 3.75<br>175.00/hr | 656.25 |
|  | WD | Draft letter to attorney regarding observation. | 1.17<br>175.00/hr | 204.75 |
| 5/20/2005 | DSM | Discussion with B. McAllister re: hearing on June 1. | 0.25<br>350.00/hr | 87.50 |
|  | DSM | Discussion with Attorney McCallister regarding hearing request and mother's concerns. | 0.50<br>350.00/hr | 175.00 |
|  | WB | Drafted letter to parent w/ MDT Meeting Notice Letter of Invitation (5/18/05) enclosed | 0.42<br>105.00/hr | 44.10 |
|  | BM | Discussion with the D. McKnight (2X) | 0.75<br>350.00/hr | 262.50 |

Denice Coleman                                                                                          Page    3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/20/2005 | WD | Phone call to parent. Left message. | 0.08<br>175.00/hr | 14.00 |
|  | WD | Phone call from parent. Left message. | 0.08<br>175.00/hr | 14.00 |
|  | WD | Draft letter to attorney regarding observaiton. | 1.25<br>175.00/hr | 218.75 |
| 5/23/2005 | WD | Phone call from parent discussing progress and observation. | 0.17<br>175.00/hr | 29.75 |
| 5/24/2005 | BM | Consultation with attorney Scott McKnight to prepare parent's five day disclosure for 6/1/05 hearing | 0.67<br>350.00/hr | 234.50 |
|  | DSM | Consultation with attorney McAllister to prepare parent's five day disclosure for 6/1/05 hearing | 0.67<br>350.00/hr | 234.50 |
|  | WB | Assisted attorney to prepare disclosure to DCPS | 1.50<br>105.00/hr | 157.50 |
|  | DSM | Draft amended hearing request to DCPS | 1.00<br>350.00/hr | 350.00 |
|  | BM | Reviewed DCPS' five day disclosure and case file to consult with attorney Scott McKnight re: preparation for parent's five day disclosure for 6/1/05 due process hearing | 0.50<br>350.00/hr | 175.00 |
| 5/25/2005 | WB | Conference with parent re: case status and upcoming hearing on 6/1/05 | 0.17<br>105.00/hr | 17.85 |
|  | WB | Drafted letter to parent w/ First Amended HR filed on 5/24/05 enclosed | 0.42<br>105.00/hr | 44.10 |
| 5/31/2005 | DSM | Prepared for Due Process Hearing | 1.50<br>350.00/hr | 525.00 |
|  | WD | Discussion with the child's attorney regarding hearing and status. | 0.17<br>175.00/hr | 29.75 |
| 6/6/2005 | KD | Drafted letter to parent re transfer of case to Atty McKnight/copy to advc and file/added to case notes | 0.33<br>105.00/hr | 34.65 |
| 6/8/2005 | WD | Discussion with the child's attorney regarding MDT meeting. | 0.17<br>175.00/hr | 29.75 |
|  | DSM | Conference with education advocate, Mr. Daywalt, regarding MDT meeting and triennials. | 0.33<br>350.00/hr | 115.50 |
|  | WD | Attended MDT/IEP @ Mamie D. Lee. | 3.00<br>175.00/hr | 525.00 |

Denice Coleman                                                                      Page    4

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/8/2005 | WD | Reviewed file and prepared for MDt Meeting. | 1.00<br>175.00/hr | 175.00 |
| 6/9/2005 | WD | Discussion with the child's attorney regarding MDT meeting. | 0.25<br>175.00/hr | 43.75 |
|  | DSM | Discussion with the child's advocate regarding MDT meeting. | 0.25<br>350.00/hr | 87.50 |
| 6/10/2005 | WD | Phone call to parent.<br>Unable to make contact. | 0.08<br>175.00/hr | 14.00 |
|  | WD | Draft letter to attorney regarding MDT meeting and status. | 0.75<br>175.00/hr | 131.25 |
| 6/13/2005 | WD | Phone call to parent discussing MDT meeting dates and progress. | 0.25<br>175.00/hr | 43.75 |
|  | WD | Draft letter to/faxed regarding Letter of Invitation. | 0.42<br>175.00/hr | 73.50 |
|  | WB | Drafted letter to parent w/ MDT Meeting Notice (6/10/05) | 0.42<br>105.00/hr | 44.10 |
| 6/14/2005 | WB | Drafted letter to parent w/ confirmation of meeting notice for 6/16/05 @ 10:00 am | 0.42<br>105.00/hr | 44.10 |
|  | WB | Drafted letter to parent w/ HDN enclosed for hearing on 7/8/05 @ 9:00 am | 0.42<br>105.00/hr | 44.10 |
| 6/15/2005 | WD | Reviewed file and prepared for MDT meeting. | 1.17<br>175.00/hr | 204.75 |
| 6/16/2005 | WB | Drafted letter to parent w/ MDT Meeting Notes (6/16/05) enclosed | 0.42<br>105.00/hr | 44.10 |
|  | WD | Draft letter to attorney regarding status and MDT meeting. | 0.83<br>175.00/hr | 145.25 |
|  | WD | Attended MDT/IEP @ Mamie D. Lee. | 4.25<br>175.00/hr | 743.75 |
| 6/29/2005 | DSM | Prepare disclosure to DCPS | 2.00<br>350.00/hr | 700.00 |
|  | WB | Conference with parent re: case status and upcoming hearing on 7/8/05 @ 9:00 am | 0.17<br>105.00/hr | 17.85 |
|  | WB | Assisted attorney to prepare disclosure to DCPS | 2.00<br>105.00/hr | 210.00 |

Denice Coleman                                                                                               Page    5

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/6/2005 | DSM | Reviewed case law in support of triennials in preparation for hearing on July 8. | 0.42 350.00/hr | 147.00 |
|  | DSM | Reviewed DCPS' disclosures in preparation for July 8 hearing. | 0.42 350.00/hr | 147.00 |
| 7/7/2005 | DSM | Phone call to Ms. Coleman-Wheeler confirming her attendance at tomorrow's 9 AM hearing. | 0.08 350.00/hr | 28.00 |
|  | DSM | Prepared for Due Process Hearing on July 8 at 9:00 AM | 1.50 350.00/hr | 525.00 |
|  | WD | Prepared for Due Process Hearing. | 1.00 175.00/hr | 175.00 |
|  | WD | Phone call to parent discussing hearing. Left message. | 0.08 175.00/hr | 14.00 |
| 7/8/2005 | WD | Appearance to 825 North Capital for due process hearing. | 2.75 175.00/hr | 481.25 |
|  | DSM | Post hearing conference with parent re: her testimony and next steps in process in connection with HOD. | 0.25 350.00/hr | 87.50 |
|  | DSM | Appearance to 825 North Capital for due process hearing | 3.25 350.00/hr | 1,137.50 |
| 7/22/2005 | DSM | Reviewed HOD, contacted parent re: DCPS will schedule MDT/IEP meeting thru us to determine necessary reevals. | 0.25 350.00/hr | 87.50 |
| 7/25/2005 | WB | Drafted letter to parent re: case status w/ HOD issued on 7/21/05 enclosed | 0.50 105.00/hr | 52.50 |
| 7/28/2005 | WD | Phone call from Ms. Newman, DCPS stating that Letter of Invitation is being faxed to advocate to comply with HOD. | 0.17 175.00/hr | 29.75 |
|  | WD | Reviewed HOD, called parent to confirmed MDT meeting date sent by Mamie D. Lee. | 0.42 175.00/hr | 73.50 |
|  | WD | Draft letter to and faxed to DCPS regarding Letter of Invitation. | 0.50 175.00/hr | 87.50 |
|  |  | For professional services rendered | 56.33 | $12,178.60 |
|  |  | Additional Charges : |  |  |
| 3/28/2005 |  | Copied documents(Parent-Intake) |  | 16.00 |
| 3/30/2005 |  | Made Photocopies |  | 0.25 |

Denice Coleman                                                                    Page    6

                                                                                  Amount

3/30/2005  Postage; letter to parent                                                0.37

4/14/2005  Copied documents; letter to parent                                       0.50

           Postage; letter to parent                                                0.37

5/8/2005   Facsimile HR to SHO                                                      5.00

5/9/2005   Facsimile classroom observation at Brown MS                              2.00

5/11/2005  Copied documents; letter to parent                                       0.50

           Postage; HR letter to parent.                                            0.37

5/20/2005  Copied documents; letter to parent                                       0.50

           Postage; letter to parent                                                0.37

5/24/2005  Copied: Disclosure to SHO.                                              14.50

           Facsimile(SHO-First Amended HR)                                          5.00

           Facsimile(OGC-First Aemended HR)                                         6.00

           Facsimile: Disclosure to OGC.                                           58.00

5/25/2005  Copied documents; letter to parent                                       0.50

           Messenger Service to and from DCPS (5-day Disclosures)                  20.00

           Postage; First amended HR to parent.                                     0.37

5/26/2005  Facsimile: Disclosure to OGC.                                           40.00

5/31/2005  Copied: support case  for SHO and OGC.                                  24.00

6/6/2005   Copied: Transfer of case letter for parent, advocate, and attorney.      0.75

           Postage; Transfer of case letter to parent                               0.37

6/9/2005   Copied: MDT letter for attorney.                                         2.00

6/10/2005  Facsimile(DCPS-status letter )                                           4.00

6/13/2005  Facsimile: MDT to Mamie Lee.                                             2.00

           Postage; letter to parent (MDT Meeting Notice)                           0.37

           Copied documents; letter to parent                                       0.50

Denice Coleman                                                                           Page    7

                                                                                        <u>Amount</u>

| | | |
|---|---|---:|
| 6/14/2005 | Copied documents; letter to parent | 0.50 |
| | Copied documents; letter to parent | 0.50 |
| | Postage; letter to parent (confirmation of meeting notice) | 0.37 |
| | Postage; letter to parent (HDN) | 0.37 |
| 6/16/2005 | Copied documents; letter to parent | 0.50 |
| | Postage; letter to parent (MDT Meeting Notes -- 6/16/05) | 0.60 |
| 6/30/2005 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| | Copied: Disclosure for DCPS. | 155.00 |
| 7/1/2005 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| 7/8/2005 | Sedan taxi service to and from  DCPS for hearing | 14.00 |
| 7/21/2005 | Copied documents; HOD | 6.75 |
| | Facsimile Received from DCPS; HOD | 9.00 |
| 7/25/2005 | Copied documents; letter to parent | 0.50 |
| | Postage; letter to parent | 0.37 |
| 8/4/2005 | File review preparation of bill and invoice audit | 96.88 |
| | Total costs | $529.93 |
| | Total amount of this bill | $12,708.53 |