# EXHIBIT 17



# District of Columbia Public Schools

## OFFICE OF GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1994
Phone – 202-442-5000, Fax – 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
### PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1. **Attorney Information**
   Law Firm: JAMES E. BROWN & ASSOCIATES, PLLC
   Attorney: JAMES E. BROWN
   Federal Tax ID No.: 52-1500760
   D.C. Bar No.: 61622

2. **Student Information**
   Name: Kevin Freeman
   DOB: 11/26/95
   Date of Determination (HOD/SA): 8/10/05
   Parent/Guardian Name: Constance Freeman
   Parent/Guardian Address: 100 Division Ave., NE, WDC 20019
   Current School: Aiton ES
   Home School: Aiton ES

3. **Invoice Information**
   Invoice Number: 05-365
   Date Request Submitted: 8/26/05
   Date(s) Services Rendered: 4/14/05 to 8/17/05
   Amount of Payment Request: $ 8,623.83

4. **Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

- all services listed on the enclosed invoices were actually performed;
- the entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
- the District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;
- no attorney or law firm who either (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
- I understand that the making of a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code §22-2405.

_James E Brown_
Signature

August 26, 2005
Date

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## *State Enforcement and Investigative Division*
## CONFIDENTIAL

### Charles R. Jones, Esq., Due Process Hearing Officer
825 North Capitol Street, N.E. 8th Floor
Washington, D.C. 20002
Facsimile: (202) 442-5556

| | | |
|---|---|---|
| In the Matter of | ) | IMPARTIAL DUE PROCESS |
| | ) | |
| KEVIN FREEMAN,　　Student, | ) | HEARING OFFICER'S DECISION |
| Date of Birth: 11-26-95 | ) | |
| | ) | |
| Petitioner, | ) | Hearing Date: July 25, 2005 |
| | ) | |
| vs. | ) | |
| | ) | Held at: 825 North Capitol Street, NE |
| The District of Columbia Public Schools, | ) | Eighth Floor |
| Attending School: Aiton ES | ) | Washington, D.C. 20002 |
| Respondent. | ) | |

## DECISION AND ORDER

**Parent(s):**
Constance Freeman
100 Division Avenue, NE
Washington, D.C. 20019

**Counsel for Parent:**
Roberta L. Gambale, Esq.
James E. Brown & Associates, PLLC
1220 L. Street, NW
Suite 700
Washington, D.C. 20005

**Counsel for School:**
Tiffany Puckett, Attorney- Advisor
Office of the General Counsel, DCPS
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002

# HEARING OFFICER'S DECISION

## DISTRICT OF COLUMBIA PUBLIC SCHOOLS

### State Enforcement and Investigative Division
### Special Education Due Process Hearing

## I.  INTRODUCTION

On June 21, 2005, a Request for Due Process Hearing was filed with the Student Hearing Office, by counsel for the parent, Roberta L. Gambale, Esq. The request alleges DCPS failed to comply with a Hearing Officer's Determination (HOD) dated April 13, 2005.

A Due Process Hearing was convened on July 25, 2005, at the District of Columbia Public Schools, ("DCPS"), 825 North Capitol Street, N.E., 8th Floor, Washington, D.C. 20002.  Tiffany Puckett, Esq., Attorney-Advisor, represented DCPS. Roberta L. Gambale, Esq., represented the parent.  Five Day Disclosure Letters were entered into the record, without any objection by either party. On behalf of the parent: Disclosure Letter dated July 18, 2005: KF-1 through KF-15.  On behalf of DCPS: Disclosure Letter dated July 19, 2005: DCPS-01 through DCPS-05.  Parent's counsel waived a formal reading of the Due Process Rights.  Witnesses for DCPS: Angela Allen. Witnesses for the parent: Michelle Moody.

## II.  JURISDICTION

The Due Process Hearing was convened, and this decision was written pursuant to Public Law 105-17, The Individuals with Disabilities Education Act of 1997, 20 United States Code 1400 et. Seq.; Title 34 of the Code of Federal Regulations, part 300; Title 5 of the District of Columbia Municipal Regulations and Section 145 of the D.C. Appropriations Act, effective October 21, 1998.

## III.  ISSUES

Whether DCPS denied the student FAPE by failing to comply with a Hearing Officer's Determination (HOD) dated April 13, 2005?

2.

## IV.    SUMMARY OF RELEVANT EVIDENCE

This case involves allegations, by parent's counsel, that DCPS failed to comply with a Hearing Officer's Determination ("HOD") issued and dated April 13, 2005. According to parent's counsel, DCPS was ordered to conduct specific evaluations, forward these evaluations in a timely manner to parent's counsel and to convene a MDT/IEP meeting within the deadlines prescribed by the HOD. It is alleged that DCPS repeatedly failed to timely forward evaluation reports to the office of parent's counsel, failed to conduct warranted evaluations, and failed to timely convene the MDT/IEP meeting. Specifically, counsel alleges that a Vineland Adaptive Assessment was conducted but never forwarded to parent's counsel. Additionally, a June 15, 2005 MDT/IEP meeting was convened by DCPS. It is alleged, however, that the parent and the educational advocate attended the meeting, but the meeting did not go forward because DCPS was not prepared. DCPS argues that warranted evaluations were performed by DCPS and the Social History was not timely performed due to the parent's unavailability. DCPS also asserts that the MDT/IEP was convened and the student's IEP reviewed and revised. As a result of DCPS efforts, while not timely, the student has not suffered any educational injury or harm, which would support a finding of a denial of FAPE.

## V.    FINDINGS OF FACT

The Hearing Officer makes the following findings of fact:

1.   Kevin Freeman is a nine- (9) year old District of Columbia resident and a student presently enrolled and attending Aiton Elementary School.

2.   Kevin Freeman is eligible for special education and related services. According to his most recent IEP dated July 14, 2005, Kevin's disability classification is multiple disabled with emotional disturbance (ED) and learning disability (LD).[1]

3.   A Hearing Officer's Determination (HOD) dated and issued on April 8, 2005 ordered DCPS, inter alia, to conduct a Clinical Psychological Evaluation, a Psycho-Educational Evaluation and a Social History Evaluation within forty-five- (45) days of the issuance of the HOD. Additionally, the HOD ordered DCPS to forward copies of other evaluations to parent's counsel including a Vineland Adaptive Assessment, a Speech and Language Evaluation and a Psycho-Educational Evaluation.[2]

3.

---
[1] Exhibit: KF-5.
[2] Exhibit: KF-4.

4.  On July 11, 2005 Andrew C. Carroll, Psy. D., issued a Clinical Evaluation Report, which assessed Kevin's current level of emotional functioning.[3] The Clinical Report did not comply with the deadline ordered by the HOD, which was on or before May 23, 2005.

5.  The Clinical Evaluation Report concluded that Kevin was struggling with an on-going, agitated clinical depression characterized by a conflict between high levels of anger that manifest itself in unmanageable behavior and significantly impacts his ability to lean in the classroom. The Report noted that Kevin had exhibited disruptive classroom conduct including: crawling under his desk, talking back to his teacher, leaving the classroom inappropriately.

6.  Under "Educational Implications" within the Clinical Evaluation Report, the evaluator notes that Kevin has threaten, "to kill himself". The evaluator opines that this "seems to have more of an impulsive, dramatic expression more for effect than any real intent (he denies any wishes or intention to do this), such behavior is still cause for concern about his significantly tumultuous internal world".

7.  While the Clinical Evaluation Report noted the emotional trauma and struggles of the student, the evaluator did not specifically recommend the performance of a Psychiatric Evaluation. The recommendation suggested that the parent may wish to have a pediatric psychiatric evaluation. Notwithstanding the evaluator's predetermination that the parent should explore the Psychiatric Evaluation, the circumstances of this matter warrant the performance of a Pediatric Psychiatric Evaluation by DCPS.

8.  The HOD required a Social History Evaluation. According to Angela J. Allen, DCPS attempted to contact the parent to schedule the Social History, but due to the parent's unavailability the Social History was not performed until June 30, 2005. [4] This testimony was not disputed.

9.  The HOD ordered DCPS to forward a copy of the Vineland Adaptive Assessment and a Psycho-Educational Evaluation to parent's counsel. The Special Education Coordinator testified that she did not forward the Vineland Adaptive Assessment or the Psycho-Educational Evaluation to parent's counsel. This is a violation of the HOD.

4.

---

[3] Exhibit: KV-8
[4] Exhibit: DCPS-04.

10. Michelle Moody, Educational Advocate for Kevin Freeman, concluded that DCPS failed to timely convene the MDT/IEP meeting, which was convened on June 15, 2005 but DCPS was not prepared and the meeting was cancelled and rescheduled to July 14, 2005. According to Ms. Moody, DCPS failed to forward the Vineland Adaptive Assessment, failed to provide a Social History Report until June 30, 2005 and failed to timely provide the Clinical and Psycho-Educational Evaluations. Ms. Moody indicated that she had held conversations with the Special Education Coordinator at Aiton ES, but she was unable to resolve this matters.

11. Ms. Moody testified and concluded that the student's behavioral misconduct warranted a Psychiatric Evaluation and the student was educationally operating at appropriately four- (4) grade levels below. Kevin had not made any academic progress over the last four years; therefore, Kevin has sustained significant educational loss. The witness was very credible and her testimony was not disputed.

## VI.    DECISION AND CONCLUSION OF LAW

In this matter, DCPS did not sustain its burden of proof. The question presented is this matter is whether DCPS violated and failed to comply with a Hearing Officer's Determination (HOD) issued and dated April 8, 2005. A preponderance of the evidence supports parent's counsel contention that DCPS failed to comply with the April 8, 2005 HOD. DCPS failed to timely conduct specific evaluations including the Clinical Evaluation (July 11, 2005) and Social History (June30, 2005). DCPS also failed to timely forward evaluations specifically ordered by the HOD to be forwarded to parent's counsel including a Vineland Adaptive Assessment, Clinical Evaluation and a Psycho-Educational Evaluation. All of these evaluations were forwarded significantly past the deadlines required by the HOD. In fact, the Vineland Adaptive Assessment was provided to parent's counsel at the hearing. Moreover, the Clinical Evaluation clearly indicated that Kevin exhibited serious behavioral misconduct, which included threatening to self-inflict injury (Kevin threaten to kill himself), but the evaluator recommended that the parent "may desire to obtain a pediatric psychiatric evaluation". Notwithstanding the evaluator's recommendation to the parent, it is clearly in the best interest of the student that DCPS conduct a warranted evaluation, as this is consistent with DCPS duty to evaluate the student in areas of suspected disabilities. Lastly, DCPS did not timely convene the MDT/IEP meeting within the deadline ordered by the HOD. The MDT/IEP meeting was convened on July 14, 2005, which was in violation of the deadline ordered by the HOD. These violations, individually and total, represent substantial failure to adhere to the requirements of the April 8, 2005 HOD. Under this set of circumstances, DCPS has denied this student a free appropriate public education.

DCPS' argued that these violations constitute technical violations and, therefore, Kevin has not suffered any educational injury or loss. We find this argument is unjustifiable in this case. Kevin suffers from a severe case of depression, which

5.

manifest itself in behavioral misconduct. Kevin can increase meaningful academic benefit with a Psychiatric Evaluation, which will enable the student's IEP to be structure to provide increased educational assistance that would not occur but for the performance of this evaluation. Further, the student would have been provided ESY services, which also represents an educational loss to Kevin. In light of these educational benefits, we cannot support the argument that Kevin did not sustain any educational injury due to DCPS violation of the April 8, 2005 HOD.

**Based upon the foregoing, IT IS HEREBY ORDERED:**

1) **Petitioner's request for relief is GRANTED.**

2) **Petitioner's is the prevailing party.**

3) **The parent is authorized to obtain an independent Psychiatric Evaluation at DCPS expense pursuant the Superintendent Directive on outside consultant fees.**

4) **DCPS shall, within ten- (10) calendar days of the receipt of the independent evaluation, convene a MDT/IEP meeting to review all current evaluations, review and revise the student's IEP if warranted and discuss and determine an appropriate educational placement for the 2005-2006 school years.**

5) **In the event the appropriate placement is to a public school, DCPS shall issue a notice of placement within five- (5) schools days of the MDT/IEP team meeting. If the appropriate placement is to a non -public facility, DCPS shall issue a notice of placement within thirty- (30) calendar days of the MDT/IEP team meeting.**

6) **DCPS shall discuss and determine compensatory educational relief and develop a Compensatory Education Plan for Kevin for the period beginning April 8, 2005 until June 23, 2005 to include an appropriate number of hours and tutoring services.**

6.

7) All communications and notices shall be sent through the parent's counsel.

8) Any delay in the above time frames caused by the student or student's counsel shall result in an extension of one day for each day of delay.

## VII.    APPEAL PROCESS

This is the **FINAL ADMINISTRATIVE DECISION.** Appeals may be made to a court of competent jurisdiction within thirty- (30) days from the date this decision was issued.

_____    Date Filed: 08-10-05
Charles R. Jones, Esq., Hearing Officer


Date Issued: Aug 10, 2005


7.

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| RR | Rachel Rubenstein, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| TG | Tilman Gerald, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| SM | Sharon Millis, M. Ed. |
| CM | Carolyn Monford, MA |
| GMH | Garfield Mark Holman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CP | Carrie Pecover, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA,JD |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

James E. Brown & Associates, PLLC
A Professional Limited Liability
Company
1220 L Street, NW Suite 700
Washington, DC 20005

Invoice submitted to:
Kevin Freeman
Constance Freeman
100 Division Ave, NE
Washington DC 20019

August 17, 2005
In Reference To:    Kevin Freeman

Invoice #10905


Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 4/14/2005 | YA | Draft status leter to parent re: detailed Hearing Officer's Determination | 0.75 105.00/hr | 78.75 |
|  | YA | Research educational needs re: Hearing Officer's Determination | 0.33 105.00/hr | 34.65 |
| 4/18/2005 | RG | Meeting at 825 with advocate and SHO /IHO and discussion | 0.50 350.00/hr | 175.00 |
|  | MM | Appearance to 825 North Capital for due process hearing | 0.50 175.00/hr | 87.50 |
| 4/21/2005 | MM | File review and developed  monthly case status report and documented parent and school contact. | 0.58 175.00/hr | 101.50 |
|  | MM | Reviewed 4/13/05 hod  and documented timelines | 0.33 175.00/hr | 57.75 |
|  | MM | File review and developed  monthly case status report  documented parent and school contact | 0.58 175.00/hr | 101.50 |
| 5/11/2005 | MM | File review and developed  monthly case status report regarding the communication between me and the school and the parent and the most recent occurrances with the case | 0.58 175.00/hr | 101.50 |
| 5/30/2005 | MM | File review and developed  monthly case status report | 0.58 175.00/hr | 101.50 |

Kevin Freeman                                                                     Page    2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/3/2005 | MM | Discussion with social worker re interview | 0.25<br>175.00/hr | 43.75 |
|  | MM | Conference with parent called parnet two times r inteview | 0.33<br>175.00/hr | 57.75 |
| 6/6/2005 | RG | Reviewed and instructions to YA re: contents of letter | 0.42<br>350.00/hr | 147.00 |
|  | YA | Draft letter to Aiton ES re, follow up on completed evaluations | 0.75<br>105.00/hr | 78.75 |
| 6/7/2005 | YA | Prepared and sent referral packages to Interdynamics re, independent evaluations | 1.00<br>105.00/hr | 105.00 |
| 6/14/2005 | MM | Reviewed information for mdt | 1.50<br>175.00/hr | 262.50 |
| 6/15/2005 | MM | Attended MDT/IEP @ school | 3.00<br>175.00/hr | 525.00 |
| 6/17/2005 | YA | Draft status letter to parent re, Hearing Request and Psycho-Educatioanl Re-evaluation | 0.75<br>105.00/hr | 78.75 |
|  | RG | Prepared and file due process hearing request to DCPS to addres HOD non compliance | 2.00<br>350.00/hr | 700.00 |
| 6/20/2005 | MM | Reviewed hr dated 6/17/05 | 0.33<br>175.00/hr | 57.75 |
| 6/27/2005 | YA | Draft status letter to parent re, Hearing Date Notice | 0.58<br>105.00/hr | 60.90 |
| 6/28/2005 | MM | File review and developed  monthly case status report and record information regarding communication with parents and school. | 0.58<br>175.00/hr | 101.50 |
| 7/7/2005 | MM | Drafted letter to private school | 0.50<br>175.00/hr | 87.50 |
|  | MM | Reviewed invitation dated 7/6//05. | 0.17<br>175.00/hr | 29.75 |
| 7/8/2005 | MM | Reviewed letter form ms allen 7/6/05 | 0.33<br>175.00/hr | 57.75 |
|  | MM | Conference with parent called dad 3 times trying to coordinate a time he and his wif could attend a meeting for kevin. | 0.50<br>175.00/hr | 87.50 |
|  | MM | Drafted letter to private school | 0.75<br>175.00/hr | 131.25 |

Kevin Freeman                                                                            Page    3

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/8/2005 | MM | Reviewed letter from school ms allen the sped coordinator | 0.33 175.00/hr | 57.75 |
| 7/11/2005 | RG | Reviewed evaluations (SH) and correspondence and meeting notice; message to advocate; discussion with paralegal re : follow up | 0.75 350.00/hr | 262.50 |
| | YA | Discussion with advocate re, proposed meeting dates | 0.17 105.00/hr | 17.85 |
| | YA | Discussion with the child's attorney | 0.17 105.00/hr | 17.85 |
| 7/12/2005 | YA | Phone call to parent re, receipt of letter of invitation | 0.25 105.00/hr | 26.25 |
| | MM | Conference with parent | 0.33 175.00/hr | 57.75 |
| | MM | Reviewed letter dated 7/8/05 | 0.33 175.00/hr | 57.75 |
| | MM | Drafted letter to private school | 0.50 175.00/hr | 87.50 |
| | MM | Reviewed information in letter dated 7/8/05 | 0.17 175.00/hr | 29.75 |
| 7/12/2005- 7/18/2005 | MM | Drafted letter to private school | 0.50 175.00/hr | 87.50 |
| 7/13/2005 | MM | Discussion with yami | 0.42 175.00/hr | 73.50 |
| | MM | Drafted letter to private school | 0.50 175.00/hr | 87.50 |
| | MM | Discussion with school | 0.25 175.00/hr | 43.75 |
| | YA | Draft and sent letter to Aiton ES re, confirming meeting | 0.58 105.00/hr | 60.90 |
| 7/14/2005 | MM | Conference with parent | 0.33 175.00/hr | 57.75 |
| | MM | Reviewed information for mdt | 1.00 175.00/hr | 175.00 |
| | MM | Attended MDT/IEP @ school | 5.00 175.00/hr | 875.00 |

Kevin Freeman                                                                    Page    4

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/15/2005 | MM | Discussion with school | 0.25<br>175.00/hr | 43.75 |
|  | MM | Conference with parent 2 times | 0.42<br>175.00/hr | 73.50 |
|  | MM | File review and developed  monthly case status report dveeloped hr notice for atty re: meeting 7/14/05 | 1.50<br>175.00/hr | 262.50 |
| 7/18/2005 | YA | Assist attorney to prepare  5 Day disclosure to Office of General Counsel and Student Hearing Office | 1.50<br>105.00/hr | 157.50 |
|  | YA | Telephone call to ,Office of General Counsel, DCPS | 0.17<br>105.00/hr | 17.85 |
|  | RG | Prepare disclosure to DCPS | 1.00<br>350.00/hr | 350.00 |
| 7/22/2005 | MM | Prepared for Due Process Hearing | 1.50<br>150.00/hr | 225.00 |
|  | YA | Discussion with the child's attorney | 0.08<br>95.00/hr | 7.60 |
|  | RG | Discussion with paralegal and call to parent | 0.25<br>300.00/hr | 75.00 |
| 7/24/2005 | RG | Prepared for Due Process Hearing | 1.50<br>275.00/hr | 412.50 |
| 7/25/2005 | MM | Appearance to 825 North Capital for due process hearing | 2.00<br>150.00/hr | 300.00 |
|  | RG | Appearance to 825 North Capital for due process hearing; pre-hearing conference with prent and witnesses | 2.33<br>275.00/hr | 640.75 |
| 7/28/2005 | MM | File review and developed  monthly case status report and developed a report regarding the communication  with the parent  the school and list the latest thing that occurred and what needs to be done next. | 0.25<br>150.00/hr | 37.50 |
| 8/11/2005 | YA | Drafted letter to parent re, Hearing Officer's Determination enclosed | 0.58<br>95.00/hr | 55.10 |
|  | YA | Research educational needs re referral | 0.33<br>95.00/hr | 31.35 |
|  | YA | Prepared and sent referral package to Interdynamics | 1.00<br>95.00/hr | 95.00 |
|  |  | For professional services rendered | 44.71 | $8,312.80 |

Kevin Freeman                                                                        Page    5

     Additional Charges :

|  |  | Amount |
|---|---|---:|
| 4/13/2005 | Facsimile Received from DCPS; HOD | 5.00 |
|  | Copied documents; HOD | 5.00 |
| 4/14/2005 | Copied documents; HOD | 5.00 |
| 4/15/2005 | Postage; letter to parent (HOD) | 0.60 |
| 6/6/2005 | Facsimile- state eval | 2.00 |
| 6/7/2005 | Facsimile: Referral to Interdynamics. | 17.00 |
| 6/17/2005 | Copied documents(Adv/Parent-letter) | 3.00 |
|  | Copied documents(Paent-Psycho-ed re.eval) | 1.25 |
|  | Copied documents(Parent-letter +Psycho-ed) | 0.25 |
|  | Facsimile: HR letter to SHO. | 6.00 |
| 6/20/2005 | Postage; HR and evaluations letter to parent. | 0.83 |
| 6/27/2005 | Copied: HDN letter for parent, advocate, administration, and file. | 1.00 |
|  | Postage; HDN letter to parent. | 0.37 |
| 7/11/2005 | Copied documents- Ltr and MDT Notice | 0.50 |
| 7/18/2005 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
|  | Copied: Disclosure for SHO, OGC, and attorney. | 75.75 |
| 7/25/2005 | Sedan taxi service to and from  DCPS for hearing | 14.00 |
|  | Sedan taxi service to and from  DCPS for hearing | 14.00 |
| 8/10/2005 | Copied: HOD letter for parent, advocate, administration, and file. | 6.00 |
|  | Facsimile Received from DCPS; HOD | 8.00 |
| 8/11/2005 | Postage; letter to parent re: HOD | 0.60 |
|  | Facsimile referral to Interdynamics | 28.00 |
| 8/17/2005 | File review preparation of bill and invoice audit | 96.88 |
|  | Total costs | $311.03 |
|  | Total amount of this bill | $8,623.83 |