# EXHIBIT 22



# District of Columbia Public Schools
### OFFICE OF GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1994
Phone - 202-442-5000, Fax - 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1. **Attorney Information**
   - Law Firm: JAMES E. BROWN & ASSOCIATES, PLLC
   - Attorney: JAMES E. BROWN
   - Federal Tax ID No.: 52-1500760
   - D.C. Bar No.: 61622

2. **Student Information**
   - Name: Teron Hassock
   - DOB: 1/31/93
   - Date of Determination (HOD/SA): 8/11/05
   - Parent/Guardian Name: Patricia Hassock
   - Parent/Guardian Address: 4910 Fort Totten Dr., NE, #22, 20018
   - Current School: Taft Center
   - Home School: Taft Center

3. **Invoice Information**
   - Invoice Number: 05-370
   - Date Request Submitted: 8/26/05
   - Date(s) Services Rendered: 6/20/05 to 8/23/05
   - Amount of Payment Request: $ 4,985.75

4. **Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

- all services listed on the enclosed invoices were actually performed;
- the entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
- the District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;
- no attorney or law firm who either (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
- I understand that the making of a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code §22-2405.

_/s/ James E Brown_                         August 26, 2005
Signature                                   Date

# District of Columbia Public Schools
## State Enforcement and Investigation Division
Terry Michael Banks, Due Process Hearing Officer
825 North Capitol Street, N.E.; Room 8076
Washington, D.C. 20002
(571) 437-7381
Facsimile: (202) 442-5556

## Confidential

| | |
|---|---|
| TERON HASSOCK, STUDENT | ) |
| | ) |
| Date of Birth: January 31, 1993 | ) Hearing Date: August 11, 2005 |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Requests for Hearing: June 29, 2005 |
| | ) August 4, 2005 |
| DISTRICT OF COLUMBIA | ) |
| PUBLIC SCHOOLS | ) |
| | ) Held at: 825 North Capitol Street, N.E. |
| Respondent. | ) 8th Floor |
| | ) Washington, D.C. 20002 |
| Student Attending: | ) |
| Taft Center | ) |

## HEARING OFFICER'S DECISION

| | |
|---|---|
| Parents: | Ms. Patricia Hassock, Mother |
| | 4910 Fort Totten Drive, N.E.; #22 |
| | Washington, D.C. 20018 |
| Counsel for Petitioner: | Roberta L. Gambale, Esquire |
| | James E. Brown & Associates |
| | 1220 L Street, N.W.; Suite 700 |
| | Washington, D.C. 20005 |
| | (202) 742-2000, x2021; Fax: (202)742-2098 |
| Counsel for DCPS: | Rashida J. Chapman, Esquire |
| | Office of the General Counsel, DCPS |
| | 825 North Capitol Street, N.E. |
| | 9th Floor |
| | Washington, D.C. 20002 |

An index of names is attached hereto for the benefit of the parties. The index will permit the parties to identify specific witnesses and other relevant persons. The index is designed to be detached before release of this Decision as a public record.

## INDEX OF NAMES

| | |
|---|---|
| Child | Teron Hassock |
| Child's Parent(s) (specific relationship) | Patricia Hassock, Mother |
| Child/Parent's Representative | Roberta L. Gambale, Esquire |
| School System's Representatives | Rashida J. Chapman, Esquire |
| Special Education Coordinator, DCPS | LaBoné Workman, Taft Center |
| Educational Advocate | Michelle Moody, James E. Brown & Associates |

2

**Jurisdiction**

This hearing was conducted in accordance with the rights established under the Individuals With Disabilities Act ("IDEA"), 20 U.S.C. Sections 1400 et seq., Title 34 of the Code of Federal Regulations, Part 300; Title V of the District of Columbia ("District" or "D.C.") Municipal Regulations ("DCMR"), re-promulgated on February 19, 2003; and Title 38 of the D.C. Code, Subtitle VII, Chapter 25.

**Introduction**

Petitioner is a twelve year-old student attending Taft Center ("Taft"). On June 29, 2005, Petitioner filed a *Request for Hearing* ("*Request*" or "*Petition*") alleging that the District of Columbia Public Schools ("DCPS") had failed to allow Petitioner's parent to participate in a Multidisciplinary Team ("MDT") meeting to develop an Individualized Education Program ("IEP") and failed to provide Petitioner a copy of the IEP that was developed at that meeting. Petitioner filed an amended Hearing Request on August 4, 2005 adding allegations that (1) DCPS failed to develop an appropriate IEP, (2) failed to conduct a clinical psychological evaluation, and (3) failed to include Petitioner's parent in a placement determination. The due process hearing was convened on August 11, 2005. The parties' Five Day Disclosure Notices were admitted into evidence.

**Witnesses for DCPS**

LaBoné Workman, Special Education Coordinator, Taft Center

**Witnesses for Petitioner**

Michelle Moody, Educational Advocate, James E. Brown & Associates

**Findings of Fact**

1. Petitioner is a twelve year-old student attending Taft.[1]

2. On June 8, 2005, a hearing officer's decision ("HOD") was issued that required DCPS to convene an MDT meeting on or before June 30, 2005 to review evaluations, revise the IEP, discuss and determine placement, and discuss and determine compensatory education services.[2]

---

[1] *Request* at 1.
[2] Petitioner's Exhibit ("P.Exh.") No. 6 at 2.

3

3. On June 8, 2005, Petitioner's Educational Advocate, Ms. Michelle Moody, proposed four dates for an MDT meeting before June 30th: June 13th, June 21st, June 27th, and June 28th.[3]

4. On June 21, 2005, Ms. Moody received notice that the MDT meeting would be conducted that day.[4] One half hour before the scheduled start of the meeting, Ms. Moody faxed a request to Mrs. Steele at Taft requesting that the MDT meeting not be convened that day and that it be rescheduled for July 4th, 5th, or 6th.[5]

5. DCPS convened the MDT meeting on June 21st and developed an IEP without Petitioner being represented.[6] Mr. Workman faxed a copy of the IEP to Petitioner's counsel on July 1, 2005, after the filing of the *Request*.[7]

**Conclusions of Law**

1. DCPS denied Petitioner a free appropriate public education by conducting an MDT meeting at which an IEP was developed in the absence of Petitioner's parent. Ms. Moody's testimony was uncontroverted that she did not receive notice of the June 21st meeting until that morning, that she immediately requested that the meeting not be held without Petitioner being represented, and that she offered two appropriate alternative dates for the meeting.[8] DCPS offered no explanation for ignoring Ms. Moody's request other than there had been previous occasions when Ms. Moody or the parent was unavailable. The regulations impose specific obligations on a school system before an MDT meeting can be convened in the absence of a parent.[9] DCPS did not comply with these regulations.

2. Petitioner's amended hearing request was filed five business days before the hearing. This did not provide DCPS ample notice.

3. Petitioner is the prevailing party in this proceeding.

**ORDER**

Upon consideration of Petitioner's request for a due process hearing, the parties' Five Day Disclosure Notices, the testimony presented at the hearing, and the representations of the parties' counsel at the hearing, this 11th day of August 2005, it is hereby

---

[3] P.Exh. No. 10.
[4] Testimony of Ms. Moody
[5] P.Exh. No. 11.
[6] P.Exh. No. 13.
[7] P.Exh. No. 12
[8] One of the three dates Ms. Moody offered was Independence Day, a holiday.
[9] 34 CFR §300.345(d).

ORDERED, that the amended hearing request filed on August 4, 2005 is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED,** that DCPS shall reconvene an MDT meeting on or before September 9, 2005 to review all outstanding evaluations, update the IEP, discuss placement alternatives, and discuss and determine Petitioner's need for compensatory education services. DCPS will coordinate scheduling the MDT meeting, and any meeting in which Petitioner's placement is discussed or determined, with Petitioner's counsel, Roberta L. Gambale, Esquire, (202) 742-2000, x2021.

**IT IS FURTHER ORDERED,** that DCPS shall afford Petitioner's parent an opportunity to participate in any meeting in which Petitioner's placement is discussed or determined. The DCPS placement representative shall advise Petitioner's parent of the advantages and disadvantages for Petitioner with respect to each school that is discussed, including any schools proposed by the parent. DCPS shall provide Petitioner's parent an explanation for the placement DCPS proposes, and the reasons for the proposal shall be provided in the Meeting Notes. DCPS shall issue a Prior Notice within seven days of the MDT meeting if Petitioner is placed in a public facility or within 30 days if Petitioner is placed in a private facility.

**IT IS FURTHER ORDERED,** that in the event of DCPS' failure to comply with the terms of this Order, Petitioner's counsel will contact Mr. Workman and the DCPS Office of Mediation & Compliance to attempt to bring the case into compliance prior to filing a hearing request alleging DCPS' failure to comply.[10]

**IT IS FURTHER ORDERED,** that any delay in meeting any of the deadlines in this Order because of Petitioner's absence or failure to respond promptly to scheduling requests, or that of Petitioner's representatives, will extend the deadlines by the number of days attributable to Petitioner or Petitioner's representatives. DCPS shall document with affidavits and proofs of service for any delays caused by Petitioner or Petitioner's representatives.

**IT IS FURTHER ORDERED,** that this Order is effective immediately.

**Notice of Right to Appeal Hearing Officer's Decision and Order**

This is the final administrative decision related to the June 29, 2005 and August 4, 2005 hearing requests. Any party aggrieved by the findings and/or decision may bring a civil action in any state court of competent jurisdiction or in a district court of the United

---

[10] If DCPS fails to contact counsel for Petitioner to coordinate scheduling the MDT meeting by a date that would make compliance with this Order feasible, the hearing officer expects Petitioner's counsel to initiate telephone calls and electronic correspondence to attempt to effect compliance within the timelines set out herein.

5

06/11/2005 15:22 2024425556 STUDENT HEARINGS OFF PAGE 07/07

- States without regard to the amount in controversy, in accordance with 20 U.S.C. Section 1415(i)(2)(A) within thirty days of the entry of the Hearing Officer's Decision.[11]

Terry Michael Banks
Hearing Officer

Date: August 11, 2005

Issued: 8-11-05

Copies to:

Roberta L. Gambale, Esquire
James E. Brown & Associates
1220 L Street, N.W.; Suite 700
Washington, D.C. 20005
(202) 742-2000, x2021; Fax: (202)742-2098

Rashida J. Chapman, Esquire
Office of the General Counsel, DCPS
825 North Capitol Street, N.E.
9th Floor
Washington, D.C. 20002

---

[11] *See Amman v. Town of Stow*, 991 F.2d 929, 931(1st Cir. 1993) (since the IDEA does not set a time limit for lawsuits brought under its terms, the district court must "borrow" the most analogous statute of limitations under state law); *Spiegler v. District of Columbia*, 866 F.2d 461, 463-64 (D.C. Cir. 1989)(borrowing a 30-day limitations period for review of agency orders and applying it to an appeal from a decision under the predecessor to IDEA). In the District of Columbia, the Rules of the Board of Education do not prescribe a time limit for bringing the civil action authorized by the IDEA and the Board's Regulations, 5 D.C.M.R. Section 3032.5. The D.C. Administrative Procedures Act defers to the District of Columbia Court of Appeals to set the limitation period for filing an appeal from a final agency action. D.C. Code §2-510(a). Under the Court's rules, a petition for review of an agency order must be filed within thirty days. D.C. Ct. App. Rule 15(a).

# LEGEND

## ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| RR | Rachel Rubenstein, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| TG | Tilman Gerald, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

## PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |

## ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| SM | Sharon Millis, M. Ed. |
| CM | Carolyn Monford, MA |
| GMH | Garfield Mark Hofman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CP | Carrie Pecover, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA, JD |

## OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

James E. Brown & Associates, PLLC
A Professional Limited Liability
Company
1220 L Street, NW Suite 700
Washington, DC 20005

Invoice submitted to:
Hassock, Teron

August 23, 2005
In Reference To: Hassock, Teron
Invoice #10910

Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/20/2005 | MM | Reviewed hod dated 6/8/05 | 0.33<br>175.00/hr | 57.75 |
| 6/28/2005 | MM | File review and developed monthly case status report and record information regarding communication with parents and school. | 0.58<br>175.00/hr | 101.50 |
| 6/29/2005 | YA | Draft status letter to parent re, Hearing Request | 0.75<br>105.00/hr | 78.75 |
|  | RG | Drafted letter to DCPS / Attorney | 0.50<br>350.00/hr | 175.00 |
|  | RG | Prepared and file due process hearing request to DCPS | 1.00<br>350.00/hr | 350.00 |
| 6/30/2005 | MM | Discussion with school | 0.25<br>175.00/hr | 43.75 |
| 7/1/2005 | MM | File review and developed monthly case status report developed report regarding latest communication with the school and the parent and reviewed the HR and what needs to be done next | 0.25<br>175.00/hr | 43.75 |
| 7/7/2005 | YA | Draft status letter to parent re, IEP and Compensatory Education, made copy of IEP for attorney, parent and advocate | 0.75<br>105.00/hr | 78.75 |
| 7/15/2005 | MM | Discussion with atty | 0.50<br>175.00/hr | 87.50 |

Hassock, Teron                                                                                           Page    2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/15/2005 | YA | Tickle calendar for disclosures | 0.17<br>105.00/hr | 17.85 |
|  | YA | Drafted letter to parent re, Hearing Date Notice and sent the prospect learning brochure | 0.58<br>105.00/hr | 60.90 |
| 7/19/2005 | YA | Drafted letter to parent re, new hearing date notice enclosed, copied for advocate and administration | 0.58<br>105.00/hr | 60.90 |
| 7/21/2005 | RG | Drafted letter to DCPS / Attorney and discussion with parent re: placement and IEP | 1.50<br>350.00/hr | 525.00 |
| 7/22/2005 | YA | Assist attoney with letter to Taft Center re, placement | 0.33<br>95.00/hr | 31.35 |
|  | YA | Discussion with the child's attorney | 0.17<br>95.00/hr | 16.15 |
|  | RG | Discussion with paralegal | 0.17<br>300.00/hr | 51.00 |
| 7/25/2005 | MM | File review and developed monthly case status report | 0.58<br>150.00/hr | 87.00 |
|  | YA | Drafted letter to parent re, status | 0.58<br>95.00/hr | 55.10 |
| 8/1/2005 | YA | Drafted letter to parent re, revised Hearing Date Notice enclosed | 0.58<br>95.00/hr | 55.10 |
| 8/4/2005 | YA | Assist attorney to prepare disclosure to Student Hearing Office and Office of General Counsel, DCPS | 2.00<br>95.00/hr | 190.00 |
|  | RG | Prepared and file due process hearing request to DCPS- amended | 1.50<br>275.00/hr | 412.50 |
|  | RG | Prepare disclosure to DCPS | 1.00<br>275.00/hr | 275.00 |
| 8/5/2005 | RG | Conference with parent telephone call from to advise of change of phone # and discussed bcase status, palcemen t and hearing | 0.33<br>275.00/hr | 90.75 |
|  | YA | review e-mail with new contact information for parent | 0.25<br>95.00/hr | 23.75 |
| 8/9/2005 | RG | Conference with parent - telephone call from parent at Prospoect re: placement for upcoming SY | 0.33<br>275.00/hr | 90.75 |
| 8/10/2005 | RG | Prepared for Due Process Hearing | 1.50<br>275.00/hr | 412.50 |

Hassock, Teron                                                                                          Page    3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/10/2005 | MM | Prepared for Due Process Hearing | 1.50<br>150.00/hr | 225.00 |
| 8/11/2005 | RG | Appearance to 825 North Capital for due process hearing; pre/post hearing conference with mom; discussion with advocate about placement and status | 2.00<br>275.00/hr | 550.00 |
|  | YA | Phone call from parent re, hearing | 0.25<br>95.00/hr | 23.75 |
|  | YA | Phone call to parent re, hearing and where to contact | 0.17<br>95.00/hr | 16.15 |
|  | MM | Appearance to 825 North Capital for due process hearing | 2.00<br>150.00/hr | 300.00 |
| 8/16/2005 | YA | File back disclosure documents | 0.42<br>95.00/hr | 39.90 |
|  | YA | Drafted letter to parent re, Hearing Officer's Determination enclosed | 0.58<br>95.00/hr | 55.10 |
|  |  | For professional services rendered | 23.98 | $4,682.25 |

Additional Charges :

| | | |
|---|---|---|
| 6/29/2005 | Copied: HR letter for advocate and parent. | 3.50 |
|  | Copied: HR letter for parent. | 0.25 |
|  | Postage; HR letter to parent. | 0.60 |
|  | Facsimile: HR to SHO. | 6.00 |
| 7/7/2005 | Copied: Comp-ed and IEP for parent. | 17.75 |
|  | Copied: MDT and comp-ed for advocate. | 8.75 |
| 7/8/2005 | Postage; IEP and Comp-ed to parent. | 2.21 |
| 7/15/2005 | Postage; HDN letter to parent. | 0.60 |
|  | Copied: placement brochure for parent. | 1.00 |
| 7/20/2005 | Copied: HDN letter for parent. | 0.50 |
|  | Postage; HDN letter to parent. | 0.37 |
| 7/22/2005 | Facsimile: IEP to Taft Center. | 3.00 |

Hassock, Teron                                                                                    Page    4

                                                                                                  Amount

| Date | Description | Amount |
|---|---|---|
| 7/25/2005 | Copied: case status letter for parent. | 0.75 |
| 7/26/2005 | Postage; letter to parent re: letter sent to school. | 0.37 |
| 8/1/2005 | Copied: HDN letter for parent. | 0.25 |
|  | Postage; letter to parent re: HDN. | 0.37 |
| 8/4/2005 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
|  | Copied: Disclosure for SHO, OGC, and attorney. | 93.00 |
| 8/11/2005 | Sedan taxi service to and from Whittier ES for hearing | 30.00 |
|  | Facsimile Received from DCPS; HOD | 7.00 |
| 8/16/2005 | Postage; letter to parent re: HOD. | 0.60 |
|  | Copied: HOD letter for parent, administration, advocate, and file. | 9.75 |
| 8/23/2005 | File review preparation of bill and invoice audit | 96.88 |
|  | **Total costs** | **$303.50** |
|  | **Total amount of this bill** | **$4,985.75** |