# EXHIBIT 34



# District of Columbia Public Schools
**OFFICE OF GENERAL COUNSEL**
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1994
Phone – 202-442-5000, Fax – 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1. **Attorney Information**
   Law Firm: JAMES E. BROWN & ASSOCIATES, PLLC
   Attorney: JAMES E. BROWN
   Federal Tax ID No.: 52-1500760
   D.C. Bar No.: 61622

2. **Student Information**
   Name: Jamal Mathews
   DOB: 12/10/89
   Date of Determination (HOD/SA): 8/1/05
   Parent/Guardian Name: Mary Mathews
   Parent/Guardian Address: 190 36th St., NE, WDC 20019
   Current School: Browne JHS
   Home School: Browne JHS

3. **Invoice Information**
   Invoice Number: 05-382
   Date Request Submitted: 8/26/05
   Date(s) Services Rendered: 5/25/05 to 8/11/05
   Amount of Payment Request: $9,705.93

4. **Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

- all services listed on the enclosed invoices were actually performed;
- the entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
- the District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;
- no attorney or law firm who either (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
- I understand that the making of a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code §22-2405.

_/s/ James E. Brown_                    August 26, 2005
Signature                                Date

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## ENFORCEMENT AND INVESTIGATION DIVISION

## SPECIAL EDUCATION DUE PROCESS HEARING

## CONFIDENTIAL

## HEARING OFFICER'S DETERMINATION

**STUDENT:** Jamal Matthews     **DATE OF BIRTH:** 12/10/89

**ADDRESS:** 190 36th Street, N.E.
Washington, D.C. 20019

**PRESENT SCHOOL ATTENDING:** Browne J.H.S.
**HOME SCHOOL:** Browne J.H.S.

**DATE OF HEARING:** July 29, 2005

**TESTIFIED AT THE HEARING:**

Doreen McGarrah-Lee*          Educational Director, Bertell Academy
(* Testified by telephone)

Student's Representative: Miguel Hull, Esq.
Address: 1220 L Street, N.W.
Washington, D.C. 20005
FAX: 202-742-2098

School System's Representative: Stephanie Ramjohn-Moore, Esq.
Address: 825 N. Capitol Street, N.E., Washington, D.C. 20002

**INTRODUCTION:**

A hearing was held at the District of Columbia Public Schools (DCPS), 825 N. Capitol Street, N.E., Washington, D.C. 20002, on July 29, 2005, at the request of Miguel Hull, counsel for the parent and the student. Stephanie Ramjohn-Moore represented DCPS, the other party to this hearing.

**JURISDICTION:**

The hearing was held and this decision was written pursuant to the Individuals with Disabilities Education Act (IDEA) (P.L. 101-476), reauthorized as the IDEA Improvement Act of 1997 (P.L. 105-17) 20 U.S.C. 1400 Et. seq.; and their current regulations, specifically the Code of Federal Regulations at 34 CFR Part 300; and District of Columbia Municipal Regulations, Chapter 30, Education Handicapped, Title V, Sections 3000-3099.

**ISSUE:**

1. Did DCPS fail to comply with the HOD of May 27th 2005?

**DOCUMENTS SUBMITTED BY DCPS:**

**NONE**

**DOCUMENTS SUBMITTED BY STUDENT:**

JM-1-JM-31

This HOD incorporates the HOD of May 27th 2005 as follows:

**FINDINGS OF FACT:**

1. The student is a fifteen-year-old male student who has been found eligible for special education services by DCPS as a student with the disability classification of emotional disturbance (ED). (JM-7)

2. On March 22nd 2005, an MDT meeting was convened at Browne J.H.S.. The MDT team determined that the student needs a full-time ED program. The MDT team decided that the student needs a therapeutic more restrictive setting. The MDT Notes indicate that placement considerations were DCALA-SE and Spingarn Center for the 2005-2006 School Year. (JM-3) A placement was not determined at that meeting. The special

2

education coordinator sent the information packet on the student to the Site Review Committee at DCPS Special Education Headquarters at 825 North Capitol Street. (Testimony of Ms. Latimer)

3. The parent was not invited to the Site Review Committee meeting on her child. The special education coordinator from Browne J.H.S. did not attend the Site Review Committee meeting on the student. No one who personally knew the student was at the Site Review Committee meeting. The Site Review Committee reviewed the information packet sent by the special education coordinator and determined that Browne Center, a full-time ED program located at Browne J.H.S. was to be the student's placement. The special education coordinator, Ms. Latimer, testified that the placement decision was made by the Site Review Committee. (Testimony of Ms. Latimer)

4. On April 6th 2005, Dr. Boucher, the student's educational advocate received a Letter of Invitation to an MDT meeting with three dates. Dr. Boucher informed Ms. Latimer she was working on an acceptable date with the father. On April 18th Dr. Boucher received a letter from Ms. Latimer informing her that an MDT meeting would take place on April 20th. Neither the parent nor the educational advocate were available on that date and did not attend the MDT meeting. The MDT meeting proceeded on April 20th and the MDT team accepted the decision of the Site Review Committee that Browne Center was to be the student's placement and issued a Prior Notice of Placement to Browne Center. (Testimony of Dr. Boucher and Ms. Latimer)

5. The student had constant behavioral problems at Browne J.H.S. and was continually in detention. Dr. Boucher testified that the MDT team meeting on March 22nd agreed that the student should leave the Browne building because of bad influences of his peers at Browne and in that neighborhood. (Testimony of Dr. Boucher)

**DISCUSSION AND CONCLUSIONS OF LAW:**

Counsel for the parent argues that the placement decision was made by the Site Review Committee and the parent was not invited to that meeting in violation of *34 C.F.R. Sec. 300.552* that requires a placement to be decided by a group that includes the parents. Counsel for the parent argues that the MDT meeting on April 20th at Browne J.H.S. rubber stamped the Site Review Committee decision to place the student at Browne Center. Counsel for DCPS argues that DCPS complied with IDEA's procedural requirements on placement decisions.

The 1999 implementing regulations to IDEA state at *34 C.F.R. Sec. 300.552(a)(1)* that " a group of persons, including the parents, and other persons knowledgeable about the child, the meaning of the evaluation data, and the placement options" make placement

3

decisions. The 1997 IDEA Statute states: "Each local educational agency, or State educational agency shall ensure that the parents of each child with a disability are members of any group that makes decisions on the educational placement of their child." *20 U.S.C. 1414 (f)*. That requirement remains in the 2004 Statute at *Section 614(e)*. The U.S. Department of Education stated in their interpretative guidelines for the 1999 regulations: "educational placements under Part B must be individually determined in light of each child's unique abilities and needs, to reasonably promote the child's educational success." *Appendix A to 34 C.F.R. Part 300*. In this case, DCPS's only witness, Ms. Latimer, testified that the Site Review Committee made the placement determination of Browne Center for the student and the MDT team meeting on April 20th 2005 followed that determination. She further testified that the parent was not invited to the Site Review Committee meeting. She also testified that she was not present at the Site Review Committee meeting nor was any person directly knowledgeable about the child, but that the Site Review Committee based their placement decision on the information packet she sent them on the student. Finally, Dr. Boucher testified that the MDT team meeting on March 22nd agreed that the student should leave the Browne building because of negative peer influence at the school. Placing the student at Browne Center in the Browne building would not "reasonably promote the child's educational success" consistent with the U.S. Department of Education interpretative guidelines on educational placements. Based on the above cited IDEA requirements that parents must be involved in placement decisions of their child, that persons knowledgeable about the child make placement decisions and making placements to "reasonably promote the child's educational success" as well as the clear testimony of DCPS's own witness, Ms. Latimer, cited above, this hearing officer concludes that counsel for the parent's arguments are convincing that IDEA's requirements on placement decisions were violated in this case.

It is hereby **ORDERED** that:

**The Prior Notice of Placement to Browne Center is invalid and void in light of the above discussion. DCPS shall convene an MDT/Placement meeting at Browne J.H.S. within 10 school days of issuance of the HOD to discuss and determine an appropriate placement for the student including private schools recommended by the parents and their counsel at Phillips School in Maryland, Foundations of Montgomery County and Prince George's County, Maryland and the Academy for Ideal Education in Washington D.C. as well as public placements such as DCALA and Spingarn Center. DCPS shall have a representative with decision making authority at the meeting who has first hand knowledge of the placement options and can explain the programs available to the parents and provide the parents an opportunity to visit the placement options before a final placement determination is made. All meetings shall be scheduled at a mutually agreeable time through counsel for the parents.**

**The parents are the prevailing party in this action.**

4

**DISPOSITION OF CASE:**

On June 6th 2005, DCPS convened an MDT/Placement Meeting pursuant to the above HOD of May 27th 2005. The MDT team discussed two public placements i.e., Spingarn and DCALE as well as private placements including Florence Bertell Academy. The MDT team did not decide on a placement at that time. On July 5th 2005, DCPS issued a Prior Notice of Placement (PNOP) to Browne Center. This PNOP is in direct conflict with the HOD of May 27th that found the Browne Center placement invalid. DCPS failed to comply with the HOD of May 27th.

At the due process hearing of July 29, 2005, counsel for DCPS provided no disclosure of documents or witnesses. DCPS is thus unable to meet its burden of proof that it provided a FAPE to the student. This hearing officer GRANTED the Motion for a Directed Verdict by counsel for the parent.

Ms. McGarrah-Lee, Educational Director of Florence Bertell Academy testified that the student is accepted into their program. Bertell Academy offers a full-time twelve month special education program for students with the disability classification of Emotional Disturbance similar to this student's classification. The teachers are certified in special education by the State of Maryland. Related service providers including psychological counselors are on staff. Individual therapy is offered to the student and a behavior management team is available. The student would be eligible for a high school diploma. Bertell Academy offers a program that is reasonably calculated to provide educational benefits to this student. Florence Bertell is an appropriate placement for the student. The legal requirements for funding the student are met pursuant to the Supreme Court decisions in *Burlington School Committee v. Mass. Dept. of Education, 471 U.S. 359 (1985)* and *Florence County School District Four v. Carter, 510 U.S. 7 (1993)*.

It is hereby ORDERED that:

DCPS shall place and fund the student at Florence Bertell Academy for the 2005-2006 School Year including transportation contingent on action in his pending case before a D.C. Superior Court Judge.

This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 30 days of the rendering of this decision.

Seymour DuBow, Esq.
Impartial Hearing Officer                    Date filed: August 1, 2005
Date Issued:
    8-1-05

5

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| RR | Rachel Rubenstein, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| TG | Tilman Gerald, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| SM | Sharon Millis, M. Ed. |
| CM | Carolyn Monford, MA |
| GMH | Garfield Mark Holman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CP | Carrie Pecover, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA, JD |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC  20005

Invoice submitted to:
Jamal O. Mathews


August 11, 2005
In Reference To:   Jamal O. Mathews
Invoice #10887

Professional Services

| Date | Init | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/25/2005 | HR | Prepared and sent placement package Sunrise Academy | 0.58<br>105.00/hr | 60.90 |
|  | HR | Prepared and sent placement package Florence Bertell Academy | 0.58<br>105.00/hr | 60.90 |
|  | HR | Draft letter to parent informing them of the placement packages sent out | 0.50<br>105.00/hr | 52.50 |
| 6/1/2005 | HR | Draft letter to parent detailing the Hearing Officer's Determination | 0.58<br>105.00/hr | 60.90 |
|  | HR | Draft letter to Browne Junior High School regarding the Hearing Officer's Determination and sent via facsimile | 0.58<br>105.00/hr | 60.90 |
| 6/3/2005 | JF | Prepared for MDT/IEP meeting by reviewing all educational information in file. Contacted Ms. Moses, Parent to discuss strategy to follow at the meeting. Discussed issues with child's attorney | 1.50<br>350.00/hr | 525.00 |
|  | JF | Hearing Officer's Determination was reviewed for possible timeline violations, contacted parent and discussed issues with child's attorney | 0.42<br>350.00/hr | 147.00 |
| 6/6/2005 | JF | Attended MDT/IEP @ Browne JHS | 4.83<br>350.00/hr | 1,690.50 |
| 6/7/2005 | MH | Prepared and file due process hearing request to DCPS.  Includes research on issues raised, discussion with guardian, and drafting and revising of claims made. | 1.42<br>350.00/hr | 497.00 |

Jamal O. Mathews                                                                                                    Page    2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/7/2005 | HR | Phone call from mom inquiring about meeting date and time | 0.25 105.00/hr | 26.25 |
|  | RB | Phone call from parent needing report card from Oak Hill Detention Center | 0.25 175.00/hr | 43.75 |
| 6/9/2005 | HR | Phone call to Sunrise Academy regarding status of placement | 0.25 105.00/hr | 26.25 |
|  | HR | Phone call to aunt regarding contacting sunrise academy to schedule an interview | 0.17 105.00/hr | 17.85 |
|  | HR | Phone call to Florence Bertal Academy regarding status of placement | 0.17 105.00/hr | 17.85 |
|  | HR | Draft case status letter to parent detailing the hearing request | 0.58 105.00/hr | 60.90 |
| 6/13/2005 | JF | Discussion with parent regarding school visit. Student and Parent visited Sunrise Academy | 0.25 350.00/hr | 87.50 |
| 6/14/2005 | MH | Conference with guardian regarding possible placements for next year. | 0.25 350.00/hr | 87.50 |
|  | MH | Discussion with director at Florence Bertel Academy. | 0.17 350.00/hr | 59.50 |
| 6/30/2005 | HR | Created B file | 0.58 105.00/hr | 60.90 |
| 7/1/2005 | MH | Prepared for Due Process Hearing, issue is placement discussed strategy with parent and child's advocate | 1.50 350.00/hr | 525.00 |
|  | JF | Prepared for Due Process Hearing, issue is placement discussed strategy with parent and child's attorney | 1.50 350.00/hr | 525.00 |
| 7/5/2005 | MH | Discussion with guardian and reviewed file to determine current case status and to develop strategy for future of case. | 0.50 350.00/hr | 175.00 |
| 7/15/2005 | JF | Discussion with Ms. Norwood, Florence Bertell of PG regarding placement and Due Process Hearing. Contacted Parent | 0.25 350.00/hr | 87.50 |
| 7/19/2005 | HR | Draft case status letter to parent informing them of the notice of hearing | 0.42 105.00/hr | 44.10 |
| 7/20/2005 | MH | Conference with guardian, student, and social worker regarding plan for case, pending hearing | 1.33 350.00/hr | 465.50 |

Jamal O. Mathews                                                                                         Page     3

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/22/2005 | MH | Prepare disclosure to DCPS with assistance from paralegal. Reveiwed entire file and identified potential exhibits and witnesses, prepared exhibit packet and cover letter, and supervised delivery to DCPS counsel. | 2.00 350.00/hr | 700.00 |
|  | HR | Phone call to parents informing them of hearing and confirming attendance | 0.17 105.00/hr | 17.85 |
|  | HR | Assist attorney with preparing disclosures to DCPS | 1.00 105.00/hr | 105.00 |
| 7/26/2005 | HR | Phone call to mom regarding hearing | 0.08 105.00/hr | 8.40 |
| 7/28/2005 | MH | Prepared for Due Process Hearing. Reviewed disclosure materials, researched issues raised, and prepared legal arguments and witness questions for hearing. | 2.42 350.00/hr | 847.00 |
| 7/29/2005 | MH | Appearance at due process hearing. Includes last minute preparations with client and potential witnesses. | 2.50 350.00/hr | 875.00 |
|  | MH | Discussion with advocate: hearing outcomes | 0.17 350.00/hr | 59.50 |
|  | JF | Prepared and appeared at 825 North Capital for due process hearing | 2.50 350.00/hr | 875.00 |
|  | RB | Discussion with attorney: hearing outcomes | 0.17 175.00/hr | 29.75 |
| 8/4/2005 | HR | Draft letter to Ms. Norwood at Florence Bertall Academy regarding the hearing officer's determination and evaluations, sent letter with HOD, and evaluations via facsimile. | 0.50 105.00/hr | 52.50 |
|  | HR | Draft letter to Stacey Lewis, Esq. regarding the hearing officer's determination, sent letter via facsimile. | 0.50 105.00/hr | 52.50 |
|  | HR | Draft letter to aunt detailing the hearing officer's determination | 0.50 105.00/hr | 52.50 |
|  | MH | Conference with guardian and director at non-public school regarding placement there. | 0.33 350.00/hr | 115.50 |
|  | HR | Draft letter to parent detailing the hearing officer's determination | 0.50 105.00/hr | 52.50 |
| 8/5/2005 | MH | Conference with probation officer regarding change in placement from Oak Hill to Florence Bertel Academy. | 0.33 350.00/hr | 115.50 |
|  |  | For professional services rendered | 33.08 | $9,424.45 |

Jamal O. Mathews                                                                                           Page    4

    Additional Charges :

|  |  | Amount |
|---|---|---:|
| 5/25/2005 | Postage; Case status letter to parent. | 0.37 |
|  | Postage; Placement packages to Florence Bertell Academy and Sunrise Academy. | 3.04 |
|  | Copied: Placement packages for Florence Bertal Academy and Sunrise Academy. Placement letter with case status for parent. | 18.25 |
| 5/27/2005 | Facsimile Received from DCPS; HOD | 7.00 |
|  | Copied documents; HOD | 7.00 |
| 6/1/2005 | Copied: HOD letter for parent. | 2.00 |
|  | Facsimile: HOD letter to Browne JHS. | 7.00 |
|  | Postage; case status letter to parent. | 0.37 |
| 6/9/2005 | Postage; HR letter to parent. | 0.60 |
|  | Copied: HR letter for parent. | 1.50 |
| 7/19/2005 | Copied: Letter for parent. | 0.50 |
|  | Postage; case status letter to parent. | 0.37 |
| 7/20/2005 | Taxi service from Superior Court | 7.00 |
| 7/22/2005 | Copied: Disclosure for SHO and OGC. | 65.00 |
|  | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| 8/1/2005 | Facsimile Received from DCPS; HOD | 6.00 |
|  | Copied documents; HOD | 6.00 |
| 8/4/2005 | Postage; letter to parent re: HOD. | 0.60 |
|  | Facsimile: HOD letter to Stacy Lewis. | 7.00 |
|  | Facsimile: HOD to Florence Bertel Academy. | 16.00 |
|  | Copied: HOD letter for parent and aunt. | 3.00 |
| 8/8/2005 | Facsimile HOD to Florence Bertell Academy | 6.00 |
| 8/11/2005 | File review preparation of bill and invoice audit | 96.88 |
|  | Total costs | $281.48 |

Jamal O. Mathews                                                                                   Page    5

                                                                                                  <u>Amount</u>

　　　　　Total amount of this bill                                                                $9,705.93