# EXHIBIT 36

# District of Columbia Public Schools

OFFICE OF GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1994
Phone - 202-442-5000, Fax - 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1. **Attorney Information**
   Law Firm: JAMES E. BROWN & ASSOCIATES, PLLC
   Attorney: JAMES E. BROWN
   Federal Tax ID No.: 52-1500760
   D.C. Bar No.: 61622

2. **Student Information**
   Name: Alonte Mitchell
   DOB: 3/15/94
   Date of Determination (HOD/SA): 8/11/05
   Parent/Guardian Name: Sheri Mitchell
   Parent/Guardian Address: 4910 Fort Totten Dr., NE, #22, 20018
   Current School: Kimball E.S.
   Home School: Kimball E.S.

3. **Invoice Information**
   Invoice Number: 05-385
   Date Request Submitted: 8/26/05
   Date(s) Services Rendered: 2/28/05 to 8/17/05
   Amount of Payment Request: $ 6,009.60

4. **Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

- all services listed on the enclosed invoices were actually performed;
- the entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
- the District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;
- no attorney or law firm who either (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
- I understand that the making of a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code §22-2405.

_[signature]_ James E Brown                August 26, 2005
Signature                                    Date

# District of Columbia Public Schools

## State Enforcement and Investigation Division

Terry Michael Banks, Due Process Hearing Officer
825 North Capitol Street, N.E.; Room 8076
Washington, D.C. 20002
(571) 437-7381
Facsimile: (202) 442-5556

## Confidential

| | | |
|---|---|---|
| ALONTE MITCHELL, STUDENT | ) | |
| | ) | |
| Date of Birth: March 15, 1994 | ) | Hearing Date: August 11, 2005 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Request for Hearing: June 30, 2005 |
| | ) | |
| DISTRICT OF COLUMBIA | ) | |
| PUBLIC SCHOOLS | ) | |
| | ) | Held at: 825 North Capitol Street, N.E. |
| Respondent. | ) | 8th Floor |
| | ) | Washington, D.C. 20002 |
| Student Attending: | ) | |
| Kimball Elementary School | ) | |

## HEARING OFFICER'S DECISION

**Parents:** Ms. Sheri Mitchell, Mother
4910 Fort Totten Drive, N.E.; #22
Washington, D.C. 20018

**Counsel for Petitioner:** Roberta L. Gambale, Esquire
James E. Brown & Associates
1220 L Street, N.W.; Suite 700
Washington, D.C. 20005
(202) 742-2000, x2021; Fax: (202)742-2098

**Counsel for DCPS:** Rashida J. Chapman, Esquire
Office of the General Counsel, DCPS
825 North Capitol Street, N.E.
9th Floor
Washington, D.C. 20002

An index of names is attached hereto for the benefit of the parties. The index will permit the parties to identify specific witnesses and other relevant persons. The index is designed to be detached before release of this Decision as a public record.

## INDEX OF NAMES

| Child | Alonte Mitchell |
| --- | --- |
| Child's Parent(s) (specific relationship) | Sheri Mitchell, Mother |
| Child/Parent's Representative | Roberta L. Gambale, Esquire |
| School System's Representatives | Rashida J. Chapman, Esquire |
| Special Education Coordinator, DCPS | Robin Rabb, Kimball E.S. |

**Jurisdiction**

This hearing was conducted in accordance with the rights established under the Individuals With Disabilities Act ("IDEA"), 20 U.S.C. Sections 1400 et seq., Title 34 of the Code of Federal Regulations, Part 300; Title V of the District of Columbia ("District" or "D.C.") Municipal Regulations ("DCMR"), re-promulgated on February 19, 2003; and Title 38 of the D.C. Code, Subtitle VII, Chapter 25.

**Introduction**

Petitioner is an eleven year-old student attending Kimball Elementary School ("Kimball"). On June 30, 2005, Petitioner filed a *Request for Hearing* ("*Request*" or "*Petition*") alleging that the District of Columbia Public Schools ("DCPS") had failed to evaluate Petitioner in all areas of suspected disability. The due process hearing was convened on August 11, 2005. The parties' Five Day Disclosure Notices were admitted into evidence.

**Witnesses for DCPS**

Robin Rabb, Special Education Coordinator, Kimball E.S.

**Witnesses for Petitioner**

None

**Findings of Fact**

1. Petitioner is an eleven year-old student attending Kimball.[1]

2. On January 24, 2005, Petitioner's counsel requested that DCPS conduct the following evaluations: educational, occupational therapy screening, and speech and language screening.[2]

3. At a Multidisciplinary Team ("MDT") meeting on April 28, 2005, Ms. Rabb promised to complete the educational evaluation prior to the parent/teacher conference on May 9, 2005.[3]

4. DCPS has not completed the educational evaluation.[4]

---

[1] *Request* at 1. After the completion of the hearing, Petitioner's mother arrived. In a brief conversation with her, the hearing officer learned that Petitioner was enrolled at Ludlow-Taylor E.S.
[2] Petitioner's Exhibit ("P.Exh.") No. 3.
[3] P.Exh. No. 4 at 1.

3

**Conclusions of Law**

1. DCPS denied Petitioner a free appropriate public education by failing to complete the educational evaluation within a reasonable time. It was requested on January 24th and Ms. Rabb promised to complete it by May 9th. It was not completed by the end of the school year. Neither IDEA nor District law prescribe a time limit for post-eligibility evaluation referrals. However, District law on initial evaluations is instructive: DCPS "shall assess or evaluate a student, who may have a disability and who may require special education services, within 120 days from the date that the student was referred for an evaluation or assessment."[5] DCPS failed to complete the educational evaluation within 120 days. Since Ms. Rabb offered no assurance that her obligations to other students would not continue to interfere with her ability to complete Petitioner's evaluation, the hearing officer will authorize an independent evaluation.

2. Petitioner is the prevailing party in this proceeding.

**ORDER**

Upon consideration of Petitioner's request for a due process hearing, the parties' Five Day Disclosure Notices, the testimony presented at the hearing, and the representations of the parties' counsel at the hearing, this 11th day of August 2005, it is hereby

**ORDERED**, that Petitioner is authorized to obtain an independent educational evaluation in accordance with 5 D.C.M.R. Section 3027.5. Petitioner's counsel shall forward a copy of the completed evaluation to Ms. Rabb and to the Special Education Coordinator at Ludlow-Taylor by facsimile transmission and first-class mail.

**IT IS FURTHER ORDERED**, that DCPS shall reconvene an MDT meeting within fifteen school days to review all outstanding evaluations, update the IEP, and discuss placement alternatives. DCPS will coordinate scheduling the MDT meeting, and any meeting in which Petitioner's placement is discussed or determined, with Petitioner's counsel, Roberta L. Gambale, Esquire, (202) 742-2000, x2021.

**IT IS FURTHER ORDERED**, that DCPS shall afford Petitioner's parent an opportunity to participate in any meeting in which Petitioner's placement is discussed or determined. The DCPS placement representative shall advise Petitioner's parent of the advantages and disadvantages for Petitioner with respect to each school that is discussed,

---

[4] Testimony of Ms. Rabb. Ms. Rabb testified that she has completed the testing portion of the evaluation, but not the classroom observation. Apparently the evaluation cannot be completed until the completion of a classroom observation. Ms. Rabb testified that she anticipated completing the observation during summer school, but Petitioner's parent chose not to send Petitioner to summer school. When the hearing officer asked Ms. Rabb why she did not complete the observation before the end of the school year, she replied that she had obligations to 65 other students and those other obligations continually prevented her from completing Petitioner's classroom observation.

[5] D.C. Code 38-2501(a).

4

including any schools proposed by the parent. DCPS shall provide Petitioner's parent an explanation for the placement DCPS proposes, and the reasons for the proposal shall be provided in the Meeting Notes. DCPS shall issue a Prior Notice within seven days of the MDT meeting if Petitioner is placed in a public facility or within 30 days if Petitioner is placed in a private facility.

**IT IS FURTHER ORDERED,** that in the event of DCPS' failure to comply with the terms of this Order, Petitioner's counsel will contact Ms. Rabb, the Special Education Coordinator at Ludlow-Taylor, and the DCPS Office of Mediation & Compliance to attempt to bring the case into compliance prior to filing a hearing request alleging DCPS' failure to comply.[6]

**IT IS FURTHER ORDERED,** that any delay in meeting any of the deadlines in this Order because of Petitioner's absence or failure to respond promptly to scheduling requests, or that of Petitioner's representatives, will extend the deadlines by the number of days attributable to Petitioner or Petitioner's representatives. DCPS shall document with affidavits and proofs of service for any delays caused by Petitioner or Petitioner's representatives.

**IT IS FURTHER ORDERED,** that this Order is effective immediately.

---

[6] If DCPS fails to contact counsel for Petitioner to coordinate scheduling the MDT meeting by a date that would make compliance with this Order feasible, the hearing officer expects Petitioner's counsel to initiate telephone calls and electronic correspondence to attempt to effect compliance within the timelines set out herein.

**Notice of Right to Appeal Hearing Officer's Decision and Order**

This is the final administrative decision in this matter. Any party aggrieved by the findings and/or decision may bring a civil action in any state court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy, in accordance with 20 U.S.C. Section 1415(i)(2)(A) within thirty days of the entry of the Hearing Officer's Decision.[7]

Terry Michael Banks
Hearing Officer

Date: August 11, 2005

Issued: 8-11-05

Copies to:

Roberta L. Gambale, Esquire
James E. Brown & Associates
1220 L Street, N.W.; Suite 700
Washington, D.C. 20005
(202) 742-2000, x2021; Fax: (202)742-2098

Rashida J. Chapman, Esquire
Office of the General Counsel, DCPS
825 North Capitol Street, N.E.
9th Floor
Washington, D.C. 20002

---

[7] See *Amman v. Town of Stow*, 991 F.2d 929, 931(1st Cir. 1993) (since the IDEA does not set a time limit for lawsuits brought under its terms, the district court must "borrow" the most analogous statute of limitations under state law); *Spiegler v. District of Columbia*, 866 F.2d 461, 463-64 (D.C. Cir. 1989)(borrowing a 30-day limitations period for review of agency orders and applying it to an appeal from a decision under the predecessor to IDEA). In the District of Columbia, the Rules of the Board of Education do not prescribe a time limit for bringing the civil action authorized by the IDEA and the Board's Regulations, 5 D.C.M.R. Section 3032.5. The D.C. Administrative Procedures Act defers to the District of Columbia Court of Appeals to set the limitation period for filing an appeal from a final agency action. D.C. Code §2-510(a). Under the Court's rules, a petition for review of an agency order must be filed within thirty days. D.C. Ct. App. Rule 15(a).

6

# LEGEND

### ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| RR | Rachel Rubenstein, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| TG | Tilman Gerald, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

### PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |

### ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| SM | Sharon Millis, M. Ed. |
| CM | Carolyn Monford, MA |
| GMH | Garfield Mark Holman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CP | Carrie Pecover, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA,JD |

### OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

James E. Brown & Associates, PLLC
A Professional Limited Liability Company
1220 L Street, NW Suite 700
Washington, DC  20005

Invoice submitted to:
Alonte Mitchell

August 17, 2005
In Reference To:  Alonte Mitchell
Invoice #10899

Professional Services

| Date | | Description | Hrs/Rate | Amount |
|---|---|---|---|---|
| 2/28/2005 | CB | Draft letter to DCPS and Kimball ES requesting status of re-evaluations | 0.42<br>350.00/hr | 147.00 |
| 3/2/2005 | CB | Drafted letter to parent with copy of letter sent to DCPS and HOD issued on 3/1/05 | 0.42<br>350.00/hr | 147.00 |
| 3/3/2005 | CS | Examined HOD | 0.33<br>175.00/hr | 57.75 |
| 3/4/2005 | CMM | Prepared and sent independent evaluation request to Conaboy & Assoc. | 0.83<br>105.00/hr | 87.15 |
|  | CMM | Prepared and sent independent evaluation request to Interdynamics, Inc. | 0.83<br>105.00/hr | 87.15 |
| 3/22/2005 | CB | Draft letter to DCPS and Kimball ES with independent testing results and request for MDT | 0.42<br>350.00/hr | 147.00 |
| 3/23/2005 | CMM | Phone call from Conaboy & Associates in request of additional information | 0.17<br>105.00/hr | 17.85 |
| 3/24/2005 | CS | Research educational needs via OT eval review | 0.75<br>175.00/hr | 131.25 |
|  | ML | Reviewed student file - evaluations completed, meeting scheduled for April. | 0.42<br>350.00/hr | 147.00 |

Alonte Mitchell                                                                                         Page    2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 3/28/2005 | ML | Conference with advocate Ms. Sutton-Brock, re: last settlement agreement called for independent OT evaluation, evaluation was sent 3/22 to school, waiting for meeting to review, meeting scheduled for 4/12. | 0.33 350.00/hr | 115.50 |
|  | CS | Discussion with the child's attorney re upcoming mtg scheduled for the 12th of April | 0.33 175.00/hr | 57.75 |
| 4/4/2005 | CMM | Drafted letter to parent detailing letter sent to school and Occupational therapy evaluation | 0.58 105.00/hr | 60.90 |
| 4/7/2005 | CS | Phone call from grandmother | 0.17 175.00/hr | 29.75 |
| 4/12/2005 | CS | Attended MDT/IEP @ Kimball ES | 1.50 175.00/hr | 262.50 |
| 4/28/2005 | CS | Attended MDT/IEP @ Kimball ES | 2.50 175.00/hr | 437.50 |
| 6/30/2005 | CS | Research educational needs via end of the year file review to ensure compliance with SA/HOD and Team determinations - fileable issue surrounding non-completion of educational eval | 0.42 175.00/hr | 73.50 |
|  | ML | Prepared and file due process hearing request to DCPS. | 2.00 350.00/hr | 700.00 |
|  | CS | Draft letter to attorney re fileable issues and client status | 0.42 175.00/hr | 73.50 |
|  | CS | Conference with parent re student status and completion of educational eval | 0.33 175.00/hr | 57.75 |
| 7/7/2005 | ML | Draft letter to parent, re hearing request and pending issues. | 0.42 350.00/hr | 147.00 |
| 7/8/2005 | CS | Examined hearing request filed by attorney | 0.42 175.00/hr | 73.50 |
| 7/26/2005 | TS | School visit; Record Pick up @ Parkview Elem | 1.00 175.00/hr | 175.00 |
| 8/4/2005 | CMM | Assisted attorney to prepare disclosure to DCPS | 1.17 105.00/hr | 122.85 |
|  | CMM | Drafted letter to parent with hearing information | 0.50 105.00/hr | 52.50 |
|  | CMM | Phone call to parent to confirm hearing attendance | 0.17 105.00/hr | 17.85 |

| Alonte Mitchell | | | | Page | 3 |
|---|---|---|---|---|---|
| | | | | Hrs/Rate | Amount |
| 8/4/2005 | ML | Prepare disclosure to DCPS. | | 1.50 350.00/hr | 525.00 |
| 8/9/2005 | ML | Prepared for Due Process Hearing. | | 1.50 350.00/hr | 525.00 |
| | CS | Pre-hearing conference with attorney | | 0.25 175.00/hr | 43.75 |
| 8/10/2005 | ML | Prepare and send proposed settlement. | | 0.42 350.00/hr | 147.00 |
| | CS | Prepared for Due Process Hearing | | 0.50 175.00/hr | 87.50 |
| 8/11/2005 | RG | Prepare for Hearing; Appearance to 825 North Capital for due process hearing; discussion with parent; advocate and ML re: status and hearing and follow up | | 2.25 275.00/hr | 618.75 |
| | ML | Phone call from parent, re: due process hearing and placement for next school year options. | | 0.42 350.00/hr | 147.00 |
| | CS | Examined HOD | | 0.33 175.00/hr | 57.75 |
| 8/16/2005 | CMM | Discussion with advocate regarding request of independent evaluation | | 0.25 105.00/hr | 26.25 |
| | CMM | Prepared and sent independent evaluation referral to Interdynamics, Inc. | | 1.00 105.00/hr | 105.00 |
| | CMM | Drafted letter to parent/enclosed HOD issued 8/11/05 | | 0.50 105.00/hr | 52.50 |
| | CS | Discussion with paralegal regarding request of independent evaluation | | 0.25 175.00/hr | 43.75 |
| | | For professional services rendered | | 26.02 | $5,805.75 |
| | | Additional Charges : | | | |
| 3/2/2005 | | Postage; letter to parent. | | | 0.37 |
| | | Copied documents; letter to parent | | | 0.50 |
| 3/4/2005 | | Facsimile referral to Conaboy & Assoc. | | | 11.00 |
| 3/31/2005 | | Messenger Service to and from DCPS | | | 1.20 |
| 4/4/2005 | | Copied documents; letter to parent | | | 0.50 |

Alonte Mitchell                                                                                                 Page    4

                                                                                                                 <u>Amount</u>

| Date | Description | Amount |
|---|---|---:|
| 4/4/2005 | Postage; letter to parent O.T. report | 0.83 |
| 7/8/2005 | Postage; letter to parent. | 0.37 |
| 7/11/2005 | Copied documents-activicty | 5.50 |
| 8/4/2005 | Copied documents; HR for attorney and advocate | 3.25 |
| | Copied documents; HR | 3.25 |
| | Postage; letter to parent re: HND. | 0.60 |
| | Copied: Disclosure for OGC, SHO, and attorney. | 45.00 |
| | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| 8/11/2005 | Facsimile Received from DCPS; HOD | 7.00 |
| | Copied documents; HOD | 7.00 |
| 8/16/2005 | Postage; letter to parent re: HOD. | 0.60 |
| 8/17/2005 | File review preparation of bill and invoice audit | 96.88 |
| | Total costs | $203.85 |
| | Total amount of this bill | $6,009.60 |