# EXHIBIT 51

# District of Columbia Public Schools

## OFFICE OF GENERAL COUNSEL
825 North Capitol Street NE, 9th Floor
Washington, DC 20002-1994
Phone – 202-442-5000, Fax – 202-442-5098

## APPLICATION FOR PAYMENT OF ATTORNEY FEES AND COSTS
## PURSUANT TO THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT

1.  **Attorney Information**
    Law Firm:              JAMES E. BROWN & ASSOCIATES, PLLC
    Attorney:              JAMES E. BROWN
    Federal Tax ID No.:    52-1500760
    D.C. Bar No.:          61622

2.  **Student Information**
    Name:                        Shaniqua Young
    DOB:                         1/25/92
    Date of Determination (HOD/SA):  8/4/05
    Parent/Guardian Name:        Barbara Young & George Marshall
    Parent/Guardian Address:     2000 Savannah Terr., SE, #1, 20020
    Current School:              Johnson JHS
    Home School:                 Johnson JHS

3.  **Invoice Information**
    Invoice Number:          05-400
    Date Request Submitted:  8/26/05
    Date(s) Services Rendered:  5/23/05 to 8/11/05
    Amount of Payment Request:  $ 4,813.85

4.  **Certification (must be signed by principal attorney)**

I certify that all of the following statements are true and correct:

- all services listed on the enclosed invoices were actually performed;
- the entire amount requested on the enclosed invoice for payment of costs and expenses represents the actual amount of costs and expenses incurred;
- the District of Columbia Public Schools is the sole entity from which payment of the fees, costs and expenses itemized on the enclosed invoice is requested;
- no attorney or law firm who either (1) provided services listed on the enclosed invoice, or (2) will benefit from any monies paid as a result of the submission of the enclosed invoice, has a pecuniary interest, either through an attorney, officer or employee of the firm, in any special education diagnostic services, schools, or other special education service providers;
- I understand that the making of a false statement to an agency of the DC Government is punishable by criminal penalties pursuant to D.C. Code §22-2405.

_____          August 26, 2005
**Signature**                             **Date**

(In the Matter of SY DOB 1/2..     HOD August 1, 2005)

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## *State Enforcement and Investigation Division*
### CONFIDENTIAL
### Coles B. Ruff, Jr., Due Process Hearing Officer

| | | |
|---|---|---|
| In the Matter of Shaniqua Young | ) | **IMPARTIAL DUE PROCESS** |
| Date of Birth: January 25, 1992 | ) | |
| | ) | **HEARING OFFICER'S DECISION** |
| | ) | |
| Petitioner, | ) | Hearing Date: July 22, 2005 |
| | ) | |
| v. | ) | Held at: 825 North Capitol St. NE |
| | ) | Washington, DC |
| | ) | |
| District of Columbia Public Schools | ) | |
| ("DCPS" or "District") | ) | |
| Attending School: Johnson JHS | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

| | |
|---|---|
| Counsel for Student: | Roberta Gambale, Esq.<br>1220 L Street NW #700<br>Washington, DC 20005 |
| Counsel for DCPS: | Karen Jones Herbert, Esq.<br>Office of General Counsel<br>825 North Capitol St. NE<br>Washington, DC 20002 |

## JURISDICTION:

A Due Process Hearing was convened on July 22, 2005, at the headquarters of the District of Columbia Public Schools, 825 North Capitol Street, NE, Washington, DC 20002, in response to a hearing request submitted by counsel for the student and parent filed June 17, 2005. The hearing was conducted and this decision was written pursuant to the *Individuals with Disabilities Act* (I.D.E.A.), P.L. 101-476, as amended by P.L. 105-17, the Rules of the Board of Education of the District of Columbia and the DC Appropriations Act, Section 145, effective October 21, 1998.

## DUE PROCESS RIGHTS:

The parent's counsel waived a formal reading of the due process rights.

1

(In the Matter of SY DOB 1/25/92 HOD August 1, 2005)

## SUMMARY OF THE RELEVANT EVIDENCE:

The Hearing Officer considered the representations made on the record by each counsel, the testimony of the witness(es) and the documents submitted in the parties' disclosures (SY 1-11 and DCPS 1) which were admitted into the record.[1]

## FINDINGS OF FACT:

The student was at one time eligible for special education and related services and was exited from services. The student attended Johnson Junior High School (Johnson) during the 2004-05 school year in its general education program.

On May 13, 2005, DCPS and the parent's counsel executed a settlement agreement in which DCPS agreed to convene a student evaluation plan (SEP) meeting within thirty (30) days of the date of the agreement. (SY 6)

The parent's educational advocate, Ms. Michelle Moody, faxed a letter to Johnson with proposed dates for the SEP meeting. Eight days later Ms. Vivian Jennings, the special education coordinator at Johnson, sent a letter of invitation to Ms. Moody, with proposed dates different from those proposed by Ms. Moody. (Ms. Moody's testimony)

Ms. Moody responded to Ms. Jennings that she could not make the dates proposed. As a result Ms. Jennings phoned the parent who agreed to meet on June 20, 2005, at 1:30 p.m. Ms. Jennings faxed a copy of the third invitation notice to Ms. Moody with the date and time agreed to by the parent. (Ms. Jennings' testimony)

On June 16, 2005, Ms. Moody indicated that she could not make the meeting at 1:30 but requested that it be convened at 2:00 p.m. (Ms. Moody's testimony)

This time was inconvenient for Ms. Jennings and she did not agree with the change. (Ms. Jennings' testimony)

On June 16, 2005, parent's counsel sent a letter to Johnson's special education coordinator offering to waive the SEP meeting if DCPS agreed to conduct a speech/language, psycho-educational and social history. On June 17, 2005, parent's counsel filed the current hearing request. (SY 4)

## ISSUE(S):

Did DCPS deny the student FAPE by failing to comply with the settlement agreement by timely convening a SEP meeting?

---

[1] The evidence that is the source of the finding of fact is noted within a parenthesis following the finding.

2

(In the Matter of SY DOB 1/25/92  HOD August 1, 2005)

## CONTENTIONS OF THE PARTIES:

DCPS counsel indicated that DCPS is willing to conduct the requested evaluations of the student.

The parent's counsel asserted that several attempts were made to schedule the meeting and DCPS simply refused to cooperative.

## CONCLUSIONS OF LAW:

Pursuant to 5 DCMR 3030.3 DCPS bears the burden of proof, based solely upon the evidence and testimony presented at the hearing, that the action or proposed placement is adequate to meet the educational needs of the student.

Did DCPS deny the student FAPE by failing to comply with the settlement agreement by timely convening a SEP meeting?   Conclusion: DCPS sustained its burden of proof. DCPS scheduled the SEP meeting and made several attempts to do so.  After parent's counsel made an offer to waive the SEP meeting counsel immediately filed the hearing request.  The Hearing Officer concludes there was good faith effort by DCPS to comply with the settlement agreement and there was not denial of FAPE.

## ORDER:

1.  DCPS is the prevailing party in this matter.
2.  DCPS shall, within forty-five (45) calendar days of the issuance of this Order conduct the following evaluations of the student: psycho-educational, speech/language, social history and a clinical psychological if recommended by the psycho-educational or social history.
3.  DCPS shall, within fifteen (15) school days of completion of the above listed evaluations, convene a multi-disciplinary team/individualized educational program (MDT/IEP) meeting to review the student's evaluations and determine if the student is eligible for special education services.
4.  If the student is determined to be eligible DCPS shall develop an IEP and discuss and determine placement. DCPS shall issue a prior notice of placement within five (5) business days of the MDT meeting if the recommended placement is public and within thirty (30) calendar days of the meeting if a private placement is recommended.
5.  All scheduling is to be arranged through parent's counsel.
6.  DCPS will be given a day for a day extension of any of the prescribed time frames in this Order for any delay caused by the student, her parent and/or representative(s).

(In the Matter of SY DOB 1/.,    HOD August 1, 2005)

## APPEAL PROCESS:

This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 30 days of the rendering of this decision.

Coles B. Ruff, Esq.
**Hearing Officer**
**Date: August 1, 2005**

Issued: *8-4-05*

4

(In the Matter of SY DOB 1/2...   HOD August 1, 2005)

## In the MATTER OF Shaniqua Young V. DCPS

## INDEX OF EXHIBITS

| EXHIBIT # | IDENTIFICATION | ADMITTED |
|---|---|---|
| SY 1-11 | Parent's Disclosures | Yes |
| DCPS 1 | DCPS Witness List | Yes |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  | * A detailed list of the documents disclosed is contained in the parties' disclosure notices |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

5

(In the Matter of SY DOB 3/25, 2  HOD August 1, 2005)

## In the MATTER OF Shaniqua Young V. DCPS

## RECORD OF PROCEEDING

| DATE | DESCRIPTION |
|---|---|
| 6/17/05 | Request for Due Process |
|  | Notice of Pre-Hearing Conference (as applicable) |
| 6/22/05 | Notice of Due Process Hearing |
|  | SETS Disposition Form |
|  | Transcripts or audio tapes of hearing |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

(In the Matter of SY DOB 1/2..    HOD August 1, 2005)

# INDEX OF NAMES

## In the MATTER OF Shaniqua Young V. DCPS

| | |
|---|---|
| Assistant Superintendent, Special Education (or Director) | |
| Special Education Coordinator | Ms. Vivian Jennings |
| School Psychologist | |
| Regular Education Teacher | |
| | |
| Speech/Language Therapist | |
| Occupational Therapist | |
| Physical Therapist | |
| Private Psychologist | |
| Child and Child's DCPS ID # or SSN (insert ID # or Case Number on each page of the HOD vice child's name) | |
| Child's Parent(s) (specific relationship) | |
| Child/Parent's Representative | Roberta Gambale, Esq. |
| School System's Representative | Karen Jones Herbert, Esq. |
| Parent's Educational Advocate | Ms. Michelle Moody |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

(In the Matter of SY   DOB: 1/...   HOD: August 1, 2005)

**APPEAL PROCESS:**

This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 30 days of the rendering of this decision.

**Coles B. Ruff, Esq.**
**Hearing Officer**
**Date: August 1, 2005**

Issued: _____

# LEGEND

## ATTORNEYS

| | |
|---|---|
| JEB | James E. Brown, Esq. |
| DH | Domiento Hill, Esq. |
| CW | Christopher West, Esq. |
| BM | Brenda McAllister, Esq. |
| RG | Roberta Gambale, Esq. |
| MH | Miguel Hull, Esq. |
| RR | Rachel Rubenstein, Esq. |
| JF | Juan Fernandez, Esq. |
| CB | Christina Busso, Esq. |
| JS | John Straus, Esq. |
| RN | Roxanne Neloms, Esq. |
| TG | Tilman Gerald, Esq. |
| DSM | Delores Scott McKnight, Esq. |
| ML | Marshall Lammers, Esq. |

## PARALEGALS and LAW CLERKS

| | |
|---|---|
| AAG | Aracelly A. Gonzalez |
| DP | David Proctor |
| BDL | Blanca De La Sancha |
| SB | Sara Benkharafa |
| WB | Williams Bautista |
| YA | Yamileth Amaya |
| CMM | Claudia M. Martinez |
| HR | Heidi Romero |
| KD | Kelly Dau |
| MT | Michele Torry, BA, L. Cert. |
| TB | Tamika Beasley |

## ADVOCATES

| | |
|---|---|
| MM | Michelle Moody, MA |
| CS | Cheron Sutton-Brock, MA |
| KC | Kevin Carter, MA |
| SM | Sharon Millis, M. Ed. |
| CM | Carolyn Monford, MA |
| GMH | Garfield Mark Holman, MA |
| RB | C. Robin Boucher, Ph.D. |
| TS | Tamieka A. Skinner, MA |
| CP | Carrie Pecover, MA |
| CG | Comesha Griffin, MS |
| WD | William Daywalt, M. Ed. |
| DD | Donte Davis |
| CF | Carlos Fernandez, MA,JD |

## OUT OF POCKET COSTS

| | |
|---|---|
| FAX | Facsimile @ $1.00 per page |
| COP | Reproduction @ $0.25 per page |
| TRN | Transportation @ actual taxi cost |
| TEL | Long Distance Telephone @ actual cost |
| PAR | Parking @ actual cost |
| MES | Messenger/Express Mail @ actual cost |
| POS | Postage @ actual cost |

James E. Brown & Associates, PLLC
A Professional Limited Liability
Company
1220 L Street, NW Suite 700
Washington, DC 20005

Invoice submitted to:
Shaniqua Young
Barbara Young
2000 Savannah Terrace, SE
Apt# J
Washington DC 20020

August 11, 2005
In Reference To:    Shaniqua Young
                    DOB: 1/25/92
                    School: Johnson JHS

Invoice #10891

Professional Services

| | | Hrs/Rate | Amount |
|---|---|---|---|
| 5/23/2005 MM | Reviewed s/a dated 5/12/05 | 0.33 175.00/hr | 57.75 |
| 6/1/2005 MM | Drafted letter to private school | 0.50 175.00/hr | 87.50 |
| 6/3/2005 MM | Drafted letter to private school | 0.50 175.00/hr | 87.50 |
| 6/6/2005 MM | Drafted letter to private school | 0.50 175.00/hr | 87.50 |
| 6/16/2005 RG | Telephone call from DCPS staff ( sped Coordinator) re: meeting; call to MM; call to parent; review; letters; draft due process hr to address non compliance; | 3.00 350.00/hr | 1,050.00 |
| MM | Conference with parent | 0.33 175.00/hr | 57.75 |
| MM | Drafted letter to private school | 0.50 175.00/hr | 87.50 |
| MM | Drafted letter to private school | 0.50 175.00/hr | 87.50 |
| 6/17/2005 YA | Draft status letter to parent re, Hearing Request | 0.58 105.00/hr | 60.90 |

Shaniqua Young

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/20/2005 | MM | Reviewed hr dated 6/16/05 | 0.33 175.00/hr | 57.75 |
| 6/23/2005 | RG | Reviewed dates and deadlines | 0.17 350.00/hr | 59.50 |
| | YA | Draft status letter to parent re, Hearing Date Notice | 0.58 105.00/hr | 60.90 |
| 7/13/2005 | YA | Assist attorney to prepare disclosure for tomorrow | 1.50 105.00/hr | 157.50 |
| | RG | Prepare disclosure to DCPS | 1.00 350.00/hr | 350.00 |
| 7/20/2005 | MM | File review and developed  monthly case status report | 0.25 175.00/hr | 43.75 |
| | MM | Conference with parent | 0.33 175.00/hr | 57.75 |
| 7/21/2005 | RG | Pre-hearing conference with mom and prep for hearing | 2.00 350.00/hr | 700.00 |
| | MM | File review and developed  monthly case status report and develop a report regarding latest meeting, latest parent and school commuication and present status of student and next thing that needs to be done. | 0.42 150.00/hr | 63.00 |
| | MM | Prepared for Due Process Hearing | 1.50 150.00/hr | 225.00 |
| 7/22/2005 | RG | Conference with parent both mom and Dad | 0.67 300.00/hr | 201.00 |
| | RG | Appearance to 825 North Capital for due process hearing | 2.00 300.00/hr | 600.00 |
| | MM | Appearance to 825 North Capital for due process hearing | 2.00 150.00/hr | 300.00 |
| 8/5/2005 | YA | Drafted letter to parent re, Hearing Officer's Determination enclosed | 0.58 95.00/hr | 55.10 |
| | YA | Tickled deadline and distribute to advocate, attorney, file and administration | 0.25 95.00/hr | 23.75 |
| | | For professional services rendered | 20.32 | $4,618.90 |

Shaniqua Young                                                          Page    3

       Additional Charges :

|  |  | Amount |
|---|---|---:|
| 6/17/2005 | Postage; HR letter to parent | 0.60 |
|  | Copied: HR letter for parent. | 4.00 |
|  | Facsimile HR to SHO | 6.00 |
| 6/24/2005 | Postage; letter to parent | 0.37 |
|  | Copied: HDN letter for parent. | 1.00 |
| 7/13/2005 | Copied: Disclosure for SHO, OGC, and attorney. | 47.25 |
| 7/15/2005 | Messenger Service to and from DCPS (5-day Disclosures) | 20.00 |
| 8/4/2005 | Facsimile Received from DCPS | 9.00 |
| 8/5/2005 | Copied: HOD letter for parent. | 0.25 |
|  | Postage; letter to parent re: HOD. | 0.60 |
|  | Copied: HOD letter for parent, advocate, attorney, and administration. | 9.00 |
| 8/11/2005 | File review preparation of bill and invoice audit | 96.88 |
|  | Total costs | $194.95 |
|  | Total amount of this bill | $4,813.85 |