UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLENE ANKROM, for<br>A.A., a minor, et al.,<br><br>    Plaintiffs,<br><br>        v.<br><br>DISTRICT OF COLUMBIA, et al.,<br><br>    Defendants. | :<br>:<br>:<br>:<br>:<br>: Civ. No. 06-0274 (HHK)<br>:<br>:<br>:<br>:<br>: |

## DEFENDANTS' MOTION TO DISMISS

Defendants, by counsel, and pursuant to Fed. R. Civ. P. 12(b)(6), hereby move this Court to dismiss the Section 1983 and Section 504 claims for failure to state a claim for which relief can be granted.

The reasons for the motion are set forth in the accompanying memorandum of points and authorities. A proposed order is also submitted herewith.

                                            Respectfully submitted,

                                            ROBERT J. SPAGNOLETTI
                                            Attorney General for the
                                            District of Columbia

                                            GEORGE C. VALENTINE
                                            Deputy Attorney General
                                            Civil Litigation Division

                                            **/s/ Edward P. Taptich**
                                            EDWARD P. TAPTICH [#012914]
                                            Chief, Equity Section II

|  |  |
|---|---|
| | **/s/ Carol E. Burroughs** |
| | CAROL E. BURROUGHS [#415432] |
| | Assistant Attorney General |
| | 441 Fourth Street, N.W. |
| | Sixth Floor South |
| | Washington, D.C. 20001 |
| | (202) 724-6520 |
| June 6, 2006 | (202) 727-0431 (fax) |
| | email:  carol.burroughs@dc.gov |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHARLENE ANKROM, for** : <br> **A.A., a minor, et al.,** : <br> : <br> Plaintiffs, : <br> : <br> v.   : Civ. No. 06-0274 (HHK) <br> : <br> **DISTRICT OF COLUMBIA, et al.,** : <br> : <br> Defendants. : <br> : | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS**

**PRELIMINARY STATEMENT**

On February 14, 2006, the 50 named Plaintiffs filed a Complaint for full reimbursement of attorney's fees and costs incurred by plaintiffs for claims in which they are allegedly prevailing parties, under the Individuals with Disabilities in Education Improvement Act (IDEIA).  *See Complaint ¶1*.  There is no claim that the District of Columbia Public Schools ("DCPS") failed to fulfill any education-related obligations in any case.  There is also no claim that the District of Columbia has actually wrongfully denied any of the attorney's fees claims.  In filing this suit, counsel for plaintiff is relying on a provision of the DCPS' Guidelines for the Payment of Attorney Fees in IDEA Matters" which states, "DCPS will make reasonable efforts to process your invoice within **60 days** of receipt.  If you do not receive an acknowledgment that your invoice

has been processed within **90 days** of submission, you may consider your invoice as denied."[1]

In the jurisdictional recitation of the Complaint (¶2), Plaintiffs cite 42 U.S.C. §1983 *et seq.*, 20 U.S.C. §§1400-1461, and 29 U.S.C. §794 (Section 504 of the Rehabilitation Act). As explained below, there is no legal basis for Plaintiffs' claims under 42 U.S.C. § 1983, *et seq.* or 29 U.S.C. §794 (Section 504 of the Rehabilitation Act).

## ARGUMENT

### I. Standard of Review for Dismissal of Claims Pursuant to Fed. R. Civ. P. 12(B)(6)

In reviewing the sufficiency of claims pursuant to Fed. R. Civ. P. 12(b)(6), a court must consider the facts presented in the pleading as true and construe them and all reasonable inferences in the light most favorable to the plaintiffs. *See* Scheuer v. Rhodes, 416 U.S.232, 236 (1974) (quoting Conley v. Gibson, 355 U.S. 41-56-46 (1957) and citing Gardner v. Toilet Goods Assn., 387 U.S. 167, 172 (1967)). However, the court need not consider inferences that are unsupported by the facts or legal conclusions framed as facts. *See* Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994). Further, "a plaintiff's bare conclusion of law, or sweeping and unwarranted averment of fact, will not be deemed admitted" for purposes of a motion to dismiss, and the plaintiff only enjoys the "enjoys the benefit of all inferences that plausibly can be drawn from

---

[1] Notwithstanding this provision, Counsel for Plaintiffs has been advised by OGC supervisors that claim processing is behind schedule as a result of an issue between OGC and a financial officer of DCPS and that OGC is working to complete review of the invoices as quickly as possible.

2

well-pleaded allegations of the complaint.  Haynesworth v. Miller, 820 F.2d 1245, 1254 (D.C. Cir. 1987).

## II. To the Extent the Complaint Asserts Rights under Section 1983, Plaintiffs Have Failed to State a Claim for Which Relief Can be Granted.

Plaintiffs' assertion of jurisdiction under 42 U.S.C. §1983, and Plaintiffs' seeming claims for relief under that statute, are plainly in error.  42 U.S.C.§1983 states:

> Every person, who under color of a statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, Suit in equity, or other proceedings for redress.

In any Section 1983 action against a municipality such as the District of Columbia, the burden is on the plaintiffs to establish that the municipality has a custom or practice that caused the alleged constitutional or statutory violation.  See e.g., Monell v. Dep't of Social Services of the City of New York, 436 U.S. 658, 694 (1978); Daskalea v. District of Columbia, 227 F.3d 433, 441 (D.C. Cir. 2000).

As a threshold matter, Section 1983 cannot apply here because the Complaint is facially deficient to state a claim under § 1983.  In a 2001 decision, this Court adopted a four part test setting forth the applicable standards for a finding of liability under Section 1983 based on an IDEA violation:

> (1) plaintiffs must prove by a preponderance of the evidence that DCPS violated one or more specific provisions of the IDEA; (2) plaintiffs must prove that exceptional circumstances exist, such that the conduct of DCPS that caused the IDEA violations was persistently egregious and prevented or frustrated [plaintiffs] from securing equitable relief under the IDEA; (3)…plaintiffs [must] establish that the District of Columbia has a custom or practice that is the moving force behind the IDEA violations; (4) plaintiffs must show why the normal remedies offered under the IDEA, and specifically compensatory education, are inadequate to compensate for the harm…suffered.

3

Walker v. District of Columbia, 157 F. Supp. 2d 11, 30 (D.D.C. 2001) (citations omitted). See also Jackson v. District of Columbia, Civ. No. 02-0968 (D.D.C., September 21, 2003); R.S. v. District of Columbia, 292 F. Supp. 2d 23 (D.D.C. 2003).

In a 2003 decision, Judge Emmett Sullivan, while observing that "the threshold to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is quite low," nonetheless dismissed any claims under Section 1983 in the absence of complaint allegations relating to three of the four elements of a violation of the statute. Jackson v. District of Columbia, *supra*, slip op. at 10. Among other things, the Court observed that "[n]othing in plaintiffs Complaint, other than the invocation of Section 1983 itself, suggests a claim based upon any custom, policy statement, or procedure of the District of Columbia." Id. See also Lavon Savoy-Kelly v. Eastern High School, Civ. No. 04-1751 (D.D.C., April 14, 2006.) (slip op. at 10).[2]

Other than a bald assertion of Section 1983 as a basis for the Court's jurisdiction, there are no allegations in the Complaint with respect to any of the elements of a Section 1983 violation. Accordingly, any claims based on Section 1983 must be dismissed.

**III.     Plaintiffs do not Have a Claim Under Section 504 of the Rehabilitation Act**.

Complaints arising under IDEA that also assert jurisdiction based upon the Rehabilitation Act should be summarily dismissed as a matter of law. First, that statute — intended to bar employment discrimination against handicapped individuals under Federally financed programs, e.g., Consolidate Rail Corp. v. Darrone, 465 U.S. 624, 626, 104 S. Ct. 1248, 79 L. Ed. 2d 568 (1984) — is wholly irrelevant here. The Complaint does not assert that any discriminatory employment claims are involved in this action. To the extent the

---

[2]   Memorandum Opinion attached as Exhibit 1.

complaint may be limited to administrative activities relating to "a free appropriate education" under IDEA, the Supreme Court long ago made clear that IDEA supplanted any rights and remedies in that regard which may earlier have been found in the Rehabilitation Act. Speaking of the Education of the Handicapped Act ("EHA"), the Court stated:

> [T]here is no doubt that the remedies, rights and procedures Congress set out in the EHA are the ones it intended to apply to a handicapped child's claim to a free appropriate public education. We are satisfied that Congress did not intend a handicapped child to be able to circumvent the requirements or supplement the remedies of the EHA by resort to the general antidiscrimination provision of [29 U.S.C. §794].

Smith v. Robinson, 468 U.S. 992, 1019 (1974).

Even if Section 504 were deemed relevant, to state a claim under that statute, Plaintiffs must show that the student was discriminated against "solely by reason of his handicap." 29 U.S.C. §794. *See also* Lavon Savoy-Kelly v. Eastern High School, Civ. No. 04-1751 (D.D.C., April 14, 2006,) slip op. at 9 (citing R.S. v. District of Columbia, 292 F. Supp. 2d 23, 28 (D.D.C. 2003)). To show such a violation of the Rehabilitation Act in the context of IDEA, Plaintiffs must demonstrate "something more than a mere failure to provide the "free and appropriate education" required by IDEA. Lunceford v. District of Columbia Board of Ed., 745 F. 2d 1577, 1580 (D.C. Cir. 1984) (quoting Monahan v. Nebraska, 687 F.2d at 1170-71 (8th Cir. 1982)). Hence, Plaintiffs must show "[e]ither bad faith or gross misjudgment…before a Section 504 violation can be made out…" Monahan, 687 F. 2d at 1170-71 (liability will not be imposed as long as the "state officials have exercised professional judgment, in such a way as not to depart grossly from accepted standards among educational professionals").

Here, Plaintiffs' Complaint makes no mention of either bad faith or gross misjudgment — the standard for a claim under Section 504. However, even if Section 504

5

of the Rehabilitation Act were deemed applicable, Plaintiffs' Complaint fails properly to allege a claim as it lacks factual allegations essential to a cause of action under this statute. Accordingly, Plaintiff's failure to allege any facts or make any arguments whatsoever as to their Rehabilitation Act claim must results in its dismissal.  See, <u>Lavon Savoy-Kelly v. Eastern High School</u>, *supra*, slip op. at 10.

## CONCLUSION

Plaintiffs' assertion of a claim under Section 1983 is without merit because it does not meet the four-part test applicable to such claims. Also, Plaintiffs do not have a claim under Section 504 of the Rehabilitation Act because there are not (and could not properly be any) assertions of employment discrimination.

Accordingly, the Section 1983 and Section 504 claims must be dismissed.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

**/s/ Edward P. Taptich**
EDWARD P. TAPTICH [#012914]
Chief, Equity Section II

|  |  |
|---|---|
|  | **/s/ Carol E. Burroughs** |
|  | CAROL E. BURROUGHS [#415432] |
|  | Assistant Attorney General |
|  | 441 Fourth Street, N.W. |
|  | Sixth Floor South |
|  | Washington, D.C. 20001 |
|  | (202) 724-6520 |
|  | (202) 727-0431 (fax) |
| June 6, 2006 | carol.burroughs@dc.gov |