UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CHARLENE ANKROM, *et al.*,               )<br>                                                          )<br>                    Plaintiffs,              )<br>                                                          )<br>            v.                                          )<br>                                                          )<br> DISTRICT OF COLUMBIA, *et al.*,        )<br>                                                          )<br>                    Defendants.           )<br>                                                          ) | Civil Action No. 06-0274 (HHK) |

### DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT

Defendants, by counsel and pursuant to Fed. R. Civ. P. 7(b), oppose herewith Plaintiffs' Motion for Entry of Default Judgment, filed June 27, 2006 ("Motion"). In support thereof, Defendants state the following:

Plaintiffs filed the Complaint herein on February 14, 2006; service was effected March 8. On March 20, Defendants filed a Motion for Enlargement of Time to Respond to the Complaint to June 6, which was granted in a Minute Order of April 12. On June 6, Defendants filed a motion to dismiss the Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim under either Section 504 of the Rehabilitation Act 1973 or 42 U.S.C. §1983. On June 27, Plaintiffs filed their Motion because "Defendants are in default as they did not file an answer to the '20 U.S.C. §1415 claims.'" *Motion, p. 2.*

### ARGUMENT

Fed. R. Civ. P. 12(a)(4)(A) provides "unless a different time is fixed by court order, the service of a motion ***permitted under this rule*** alters these periods of time as

follows:  (A) if the court denies the motion . . . the responsive pleading [answer] shall be served within 10 days after notice of the court's action."

Defendants' Motion for Partial Dismissal of Plaintiffs' Complaint for failure to state a claim is a motion **permitted under Rule 12(a)(4)(A),** pursuant to Rule 12(b)(6). Therefore, Defendants' responsive pleading (the answer to the Complaint[1]) need not be filed until 10 days after the court takes action on Defendants' motion.[2]

In Ricciuti v. New York City Transit Authority 1991 WL 221110, *2 (S.D.N.Y., 1991), the Court denied a plaintiff's motion for default judgment, holding as follows:

> *Any* motion, ***particularly when the motion addresses a significant portion of the complaint*** [as in the present case], will suspend the time to answer any claim. As a matter of policy and judicial economy such a conclusion is required. Were it necessary to serve an answer in piecemeal fashion, as Gerlach suggests, a procedural thicket would emerge. Thorny questions would arise as to how the case should proceed pending resolution of the motion. The present situation is a case and point. Had an answer been required in July of 1990 on those count(s) not addressed, both plaintiffs and defendants would have found themselves in a quagmire. Should discovery proceed with regard to *some* of the defendants, and then await the "arrival" of the other claims and defendants, particularly given the fact that an appeal was taken? Such an approach is inefficient.

See also  Finnegan v. University of Rochester Medical Center, 180 F.R.D. 247, 249 (W.D.N.Y., 1998)(the weight of the case authority holds that the filing of a motion that only addresses part of a complaint suspends the time to respond to the entire complaint, not just to the claims that are the subject of the motion.); Tingley Systems, Inc. v. CSC Consulting, Inc., 152 F.Supp.2d 95, *122 (D.Mass., 2001); Godlewski v. Affiliated Computer Services, Inc., 210 F.R.D. 571, *572 (E.D.Va., 2002); Ideal Instruments, Inc. v. Rivard Instruments, Inc.  2006 WL 1217201, *36 (N.D.Iowa) (N.D.Iowa, 2006).

---

[1]  See Fed. R. Civ. P. 7(a), defining "pleadings."
[2]  A grant of a dismissal motion, however, would obviously eliminate the need for an answer.

**CONCLUSION**

Significant legal precedent holds that the Defendants' motion to dismiss two of the three bases for the entirety of the Plaintiffs' Complaint tolls the time for filing a responsive pleading (the answer) until the Court rules on the Defendants' motion. Accordingly, Plaintiffs' Motion for Entry of Default Judgment must be denied.

        Respectfully submitted,

        ROBERT J. SPAGNOLETTI
        Attorney General for the District
        of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General
        Civil Litigation Division

        */s/ Edward P. Taptich*_____
        EDWARD P. TAPTICH [#012914]
        Chief, Equity Section 2

        */s/ Carol E. Burroughs*_____
        CAROL E. BURROUGHS [415432]
        Assistant Attorney General
        441 4th St., N.W., Sixth Floor South
        Washington, D.C. 20001
        (202) 724-6651
        carol.burroughs@dc.gov

June 29, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLENE ANKROM, *et al.*, ) | |
| Plaintiffs, ) | |
| v. ) | Civil Action No. 06-0274 (HHK) |
| DISTRICT OF COLUMBIA, *et al.*, ) | |
| Defendants. ) | |

## **ORDER**

Upon consideration of Plaintiffs' Motion for Entry of Default Judgment, Defendants' opposition thereto, and the entire record in this proceeding; it is this

_____ day of _____, 2006

**ORDERED**, that Plaintiffs' motion is DENIED.

_____
UNITED STATES DISTRICT JUDGE