UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLENE ANKROM, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE DISTRICT OF COLUMBIA, et al.,<br><br>Defendants. | Civil Action 06-00274 (HHK) |

**ORDER**

Before the court is the parties' consent motion (1) to vacate the court's order of February 7, 2007; (2) to reinstate the claims of plaintiffs Theresa Brown, parent and next friend of A.P., and Charlene Dickens, parent and next friend of O.H., *nunc pro tunc* to September 15, 2006; and (3) to dismiss the claims of Beverly Brock, parent and next friend of N.B., *nunc pro tunc* to September 15, 2006. The court denies the motion as to the request for vacatur and grants the motion as to the other requested relief.

Nothing requested by the parties requires vacatur of the court's February 7, 2007, order, the only effect of which was to deny defendants' motion to dismiss as moot in light of the settlement of plaintiffs' claims. The motion appears to ground the request on an erroneous reading of the order's effect on the case's posture. The parties mischaracterizes the order as stating "that all claims had either been paid or withdrawn." To the contrary, the order merely noted, as per the parties' praecipe, that all claims had settled.[1] Vacatur would be appropriate only

---

[1] The parties' consent motion makes no indication that their prior representation that all claims have settled has now been rendered invalid. Insofar as the court can determine, each plaintiff has settled her claims, and the only remaining bar to dismissal as to the remaining plaintiffs is payment.

if the parties wished to have the already-filed motion to dismiss reinstated — relief the parties did not request (the consent motion only refers to a desire to file *future* motions regarding the remaining plaintiffs). Should the parties wish to file motions regarding the remaining plaintiffs, the court's order does not hinder them from doing so.

The court will grant the remainder of the parties' requests.

Therefore, and as set forth above, it is this 27th day of February, 2007, hereby

**ORDERED** that the motion to vacate the court's order of February 6, 2007, [#13] is **DENIED**; and it is further

**ORDERED** that the court's order dismissing the claims of plaintiffs Theresa Brown, parent and next friend of A.P., and Charlene Dickens, parent and next friend of O.H., is **VACATED** *nunc pro tunc* to September 15, 2006 as to those two plaintiffs; and it is further

**ORDERED** that the claims of Beverly Brock, parent and next friend of N.B., are **DISMISSED** *nunc pro tunc* to September 15, 2006. The claims of Beverly Brock, parent and next friend of L.P., remain pending.

                                                 Henry H. Kennedy, Jr.
                                                 United States District Judge