UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CHARLENE ANKROM, *et al.* | : | |
| Plaintiffs, | : | |
| v. | : | Civil Action No. 06-274 (HHK/AK) |
| THE DISTRICT OF COLUMBIA, *et al.* | : | |
| Defendants. | : | |

## ORDER FOR INITIAL SCHEDULING CONFERENCE

The above-captioned case has been to the undersigned Magistrate Judge for full case management. *See* Order [17], April 30, 2007. Accordingly, the Initial Scheduling Conference is set for June 13, 2007 at 10:30 a.m. in Courtroom 7. Counsel who attend must be sufficiently familiar with the case to answer any questions which arise; parties are welcome and encouraged to attend.

Pursuant to LCvR 16.3(a) of the Local Rules and Fed. R. Civ. P. 26(f) and 26(f)(1), counsel shall submit their Joint Statement addressing all topics listed in LCvR 16.3(c) by no later than 14 days following their meeting. Counsel are directed to include in their Joint Statement or in a supplemental pleading to be filed no later that 72 hours prior to the Initial Scheduling Conference, a brief statement of the case and the statutory basis for all causes of action and defenses. Counsel are required to comply with LCvR 16.3 and, in particular, LCvR 16.3(c).

Extensions or enlargements of time will not be granted at any time solely upon the stipulation by the parties. Any requests for a continuance or other scheduling change must

include alternative dates that have been agreed to by all parties.

Parties are to communicate with the Court by motion, opposition, and reply, not by letter. Inquiries concerning the status or scheduling of any pending matter shall be directed to chambers personnel at (202) 354-3030.

DATED:  May 11, 2007                         /s/                                                         
                                            ALAN KAY  
                                            UNITED STATES MAGISTRATE JUDGE

**APPENDIX 1**

Rule 16.3
DUTY TO CONFER

    (c)    MATTERS TO BE DISCUSSED BY THE PARTIES.

At the conference required by this Rule, the parties must confer to discuss the following matters:

* * *

(5)    Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients. In assessing the above, counsel shall consider:

    (i)    the client's goals in bringing or defending the litigation;

    (ii)    whether settlement talks have already occurred and, if so, why they did not produce an agreement;

    (iii)    the point during the litigation when ADR would be most appropriate, with special consideration given to:

        (aa)    whether ADR should take place after the informal exchange or production through discovery of specific items of information; and

        (bb)    whether ADR should take place before or after the judicial resolution of key legal issues;

    (iv)    whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and

    (v)    whether cost savings or any other practical advantages would flow from a stay of discovery or of other pre-trial proceedings while an ADR process is pending.